PRESENT, THE HON. STEPHEN MIX MITCHELL,
Chief Judge.

| | |
|---|---|
| TAPPING REEVE,<br>ZEPHANIAH SWIFT,<br>JOHN TRUMBULL,<br>WILLIAM EDMOND,<br>NATHANIEL SMITH,<br>JEREMIAH G. BRAINERD,<br>SIMEON BALDWIN,<br>ROGER GRISWOLD, | } JUDGES. |

—————

June, 1809.

## JOHN B. JUDSON and HEBZIBAH, his wife, *against* WALKER LAKE.

*The decree of a court of probate establishing a will containing a devise of real estate, is conclusive upon the heirs of the devisor, until disaffirmed on appeal, or set aside in due course of law.*

THIS was an action of ejectment for one undivided seventh part of a piece of land, which the plaintiffs claimed, in the right of the wife, as one of the heirs at law of *Ann Lake*, deceased.

The defendant pleaded the general issue.

On the trial, it was proved and admitted by the parties, that on the 1st of *January*, 1797, *Ann Lake* died seised of the premises; that she had previously made her will, while the wife of *Jabez Lake*, whereby she devised the premises to the defendant; and that on the 9th of *June*, 1797, said will was proved, and offered to the court of

probate for approbation, whereupon the following decree was passed: " *At a Court of Probate held at Stratford, June 9th*, 1797. The within will being proved, and offered to this court for approbation, the same is by this court approved, and ordered to be recorded, the executor having accepted the trust committed to him, and given bond as the law directs." From this decree no appeal was taken; and the time limited for taking such appeal had elapsed before the commencement of this action, so that none could now be taken. The only question in the case was, whether the devise of *Ann Lake*, executed by her while under coverture, and duly proved, and approved by the court of probate, was sufficient in the law to defeat a title by descent in the heirs? The superior court instructed the jury, that the decree of probate, not having been appealed from, but remaining in full force, was *conclusive* upon the heirs at law of the devisor, as to all the real estate thereby devised, of which she died seised, and that the title of *Hebzibah Judson*, one of those heirs, was thereby defeated. They, therefore, directed the jury to find for the defendant; which was accordingly done.

The plaintiff moved for a new trial; and the court reserved the motion for the consideration of the nine judges.

*Gould* and *R. M. Sherman*, in support of the motion, contended,

1. That the devise of *Ann Lake*, being executed by her while she was a *feme covert*, was void. The case of *Fitch* v. *Brainerd*, 2 *Day*, 163. was relied upon as decisive of this point.

2. That the decree of probate establishing the will, vested no title in the devisee. By the common law of *England*, real estate, on the death of the owner,

JUDSON
v
LAKE.

vests *immediately* in the heir or devisee. The personal estate only goes to the executor or administrator. The law having settled the course of the former, has made no provision for its management. The latter is alone the subject of cognisance by the ordinary. He must look so far into a devise of real estate as to ascertain who is the executor, where *personal* estate of the deceased is left. But the devise, *quoad* the real estate, derives no validity from probate. As on *not guilty* in trespass, the title of real estate is tried, as inducement only, and not as the gist of the issue; so here, the validity of the will is tried, to ascertain the executor, and for some other purposes, but not to affect the title of the heir. With that title the ordinary has no concern. *Pow. on Mort.* 688.

The statutes of *Connecticut* have vested the powers and duties of the ordinary in the court of probate; and have given that court no additional power as to real estate. Here, as in *England*, the real estate vests in the *heir*. He alone can bring trespass, or ejectment. The executor can only bring trover, &c. for injuries to the personal fund. The court of probate has no power as to the former, except to order a sale for the payment of debts, when the personal fund is deficient, and to cause distribution to be made. To effect the objects of its jurisdiction, the court of probate must decide on the competency of the testator, and the formality of the execution of the will; otherwise, it cannot make distribution, or ascertain the executor. But its determination is *conclusive* as to those objects only. The *title* to real estate, with which that court has no concern, is left unsettled by its decree.

The power given the court of probate to order sale, and make distribution of real estate, involves no authority to decide on the *title* of such estate. The statute establishing that court concludes thus: " And of acting in all testamentary and probate matters, and in every other

thing proper for the court of probate to act in, *according* to *law."* Tit. 42. c. 1. s. 61. General, unspecified powers are here given, which are to be ascertained by reference to *the common law.*

*Ingersoll* and *Hatch*, contra.

To lay a foundation for a new trial in this case, it must be established, in the first place, that the land in question did not pass by the devise; and, in the second, that a sentence, or decree, of a court of probate, establishing a will, is not conclusive as to real estate.

1. As to the first point: The will, or devise, is claimed to be void, only on account of the supposed incapacity of the devisor; she having been, at the time of making it, a *feme covert*. This brings up, for the determination of this court, the much litigated question, whether a married woman, by our law, previous to the act of the last session, could devise her real estate? This question was barely stated by the counsel; it could answer, they said, no purpose to go into the argument at length. The subject had been repeatedly, and very fully, discussed. The decision in the case of *Fitch* v. *Brainerd*, 2 *Day*, 163. they denied to be law. The most that could be said of that case was, that it was directly opposed to a former decision of the same court of many years' standing, (*Adams* v. *Kellogg*, *Kirby*, 195.) and to a long series of decisions in the inferior courts. It was therefore claimed, that should it be necessary, in the determination of this case, the court would go into the merits of the question, considering, that the decisions in the old court of errors did not settle it either way.

2. The only remaining question is, whether, by our law, the jurisdiction of courts of probate extends to the real estate of deceased persons? For it is agreed, in

VOL. III.          T t

June, 1809.  this case, that, if the court of probate had jurisdiction
of the subject matter, its sentence, or decree, not appeal-
JUDSON      ed from, is conclusive; and therefore, that the validity of
v.          the devise cannot be collaterally drawn in question.
LAKE.

The rules of the *English* law are admitted to be,
as laid down by the counsel in support of the motion.
The ordinary, in *Great Britain*, has not jurisdiction of
real estate; the heir there is not a party to a sentence,
or decree proving and approving a will. But still the
question recurs, what is the law of *Connecticut?* For,
on this subject, it is conceived, we have a system
entirely distinct and different from the *English* system.
Our own legislature has limited and defined the juris-
diction of our courts of probate, by positive statute; and
it is from an examination of the powers thus given, and
not from any analogy presented by an *English* preroga-
tive court, that a correct judgment is to be formed on
the point now under consideration.

By the 61st section of the " Act for constituting and re-
gulating courts," &c. it is provided, that "courts of probate
shall have the power and cognisance of the probate of wills,
and testaments, granting administration, appointing and
allowing of guardians, and of acting in all testamentary
and probate matters, and in every other thing proper for
a court of probate to act in, according to law." It is
readily admitted, that this provision was not intended to
enlarge the jurisdiction of probate; nor was it intended,
by any reference to the *English* law, to operate as a re-
stricting clause. It was undoubtedly introduced, for the
purpose of identifying a court having a certain jurisdic-
tion, and not for the purpose of limiting or defining that
jurisdiction. We must, therefore, recur to the specific
powers given by other statutes, in order to determine
the question we are now considering. If it be shown
generally, that a court of probate has the same control

over real, as over personal estate, and especially, if it be shown, that a power is given, in the exercise of which in almost every case, the validity of a devise of lands must be necessarily adjudicated upon; it is believed no doubt can remain as to the decision of the case at bar.

The first act to be done, in case of a testate estate, is to prove the will. It is made the duty of an executor to present the will, within thirty days after the decease of the testator, and cause it to be proved, and recorded, or to present it and decline executorship. *Stat. Conn.* tit. 60. c. 1. s. 2. The statute makes no distinction between a will of *real* and one of *personal* estate. Suppose, then, a mere devise of real estate, with the appointment of an executor, would it not be his duty to present the will? Would he not incur the forfeitures of the statute by neglect? Upon the principles contended for on the other side, he clearly would not.

Another part of the office and duty of an executor, in such case, is the making and presenting of an inventory. This is to be made " of all the estate of the person deceased as well moveable as not moveable, whatever." The executor is bound to exhibit it within two months after probate of will, and this under a penalty for neglect, unless he render a sufficient excuse, to the acceptance of the judge. *Stat. Conn.* tit. 60. c. 1. s. 4, 5.

Further, the real estate is a fund for the payment of debts, and may be sold for that purpose, under an order of the judge of probate, in all cases, where the personal fund is insufficient. Indeed, whenever the debts of the deceased " cannot be fully paid out of the personal estate, without prejudice to the widow or heirs, by depriving them of necessary stock," &c. the judge may, at his discretion, order a sale of land, for the payment

of such part "as he shall judge reasonable." *Stat. Conn.* tit. 60. c. 1. s. 22. and c. 3. s. 1.

But lastly, courts of probate are empowered by statute, to order a distribution of the real, as well as of the personal estate, and in precisely the same terms. Their power over the one subject is the same as over the other; and this, whether the estate be testate or intestate. In the one case, the distribution is to be according to the will, or devise; in the other, according to law. *Stat. Conn.* tit. 60. c. 1. s. 12. and c. 8. But how, let it be asked, is it possible for the court to determine the question, to whom distribution is to be made, whether to the heir or devisee, without adjudicating upon the validity of the devise? This question will necessarily arise in every case, where the real estate is, by will, given to different persons, or in different proportions, from those prescribed by law; and these are the only possible cases in which the same question could be brought up in actions of ejectment.

Thus, we see, that the sentences, or decrees of a judge of probate as much respect real, as personal estate. The will is to be proved and approved in the same manner; the inventory must embrace both; distribution is in like manner to be made, whether this estate be testate or intestate; and each kind of estate is eventually a fund for the payment of debts, and may be sold for that purpose under an order of the judge. The only difference is, that, as a general rule, the personal fund must be exhausted before resort can be had to the real estate for the satisfaction of debts.

But we are told, that, in the exercise of all these powers, a court of probate does nothing more than the ordinary may do in *England;* and that a distribution under an order or decree of that court does not conclude the

question of title, as between the heir and devisee. Why, and how far, then, is a similar sentence or decree conclusive in the case of personal property? Our statute makes no distinction as to the effect and operation of such decree in the two cases. *Stat. Conn. ut sup.* It would surely be thought a strange proposition to lay down, that one who claims the personal property of a deceased testator, under the statute of distributions, should be permitted to try the validity of the will, after probate, in an action of trover against the legatee. It would be thought equally absurd, that the heir, after probate, should be permitted to try the same question in an action of ejectment; if our notions on the subject had not been confused, by blending, in our view of it, the rules of the *English* system with our own.

But, if the construction now contended for had been less obviously just, in the beginning; if there had been even some doubt respecting the operation of decrees of probate upon devises of real estate; still that construction is established by long, and uninterrupted usage, under our system. When a will is presented to probate, to be proved, &c. is it not established in our practice, that the heir may appear, and contest its validity? Upon the principles contended for on the other side, this is a usage without law; for he is no party to the proceedings in probate; and, indeed, those proceedings, so far as they respect his rights, are *coram non judice.*

Further, if the decree of probate, in such case, establish the will, has not the heir a right to appeal; and then further, as the case may be, to bring a writ of error? If the proceedings in probate, as far as they respect the rights of the heir are void, as being *coram non judice*, and if he is no party to them, he plainly has not; for the statute allows an appeal, only in favour of those, who are "aggrieved with the judgment, sentence,"

June, 1809.

JUDSON
v.
LAKE.

&c. of a court of probate. *Stat. Conn.* tit. 42. c. 1. s. 95. Yet no point is better settled, than that all this may be done; our practice has been uniform from the beginning. The heir appears as a party before the court of probate; he takes his appeal to the superior court, and then brings his writ of error to this court. After all, shall he be permitted to turn around, bring his action of ejectment, and go over the entire ground again? Has not the subject matter been adjudicated upon? If not, our highest courts have been employed, strangely enough, in trying cases, which they had no power to determine.

The decision in the case of *Bush* v. *Sheldon*, 1 *Day*, 170. would seem to settle the point, that the heir may be a party to a decree of probate, and that, in a class of cases to which the jurisdiction of that court does not more clearly extend, than to those like the present, such decree is conclusive.

BY THE COURT. The only question necessary to be decided in this case is, whether the probate of the will of Mrs. *Lake* is not conclusive regarding the validity of the will, until it is reversed on appeal to the superior court? And we are of opinion, that the law is so, that the will must stand until such reversal takes place. The statute of this state gives to the courts of probate cognisance of the probate of wills, and allows to all parties aggrieved an appeal to the superior court. Every matter of law and fact regarding the validity of wills, both as they respect real and personal estate, is confided to the courts of probate; and the decisions of those courts, while they stand unreversed, are as *conclusive* as the decisions of any other courts of record on matters within their jurisdiction.

New trial not to be granted.