LELIA L. DICKINSON *vs.* MARTHA S. HAYES AND ANOTHER.

Courts of probate stand on the same ground with common law courts as to the conclusiveness of their judgments in matters within their jurisdiction.

But all judgments are co-extensive only with the issue, and conclude nothing not necessarily involved in the issue. They are evidence of nothing that is to be inferred by argument.

A minor under the age of twenty-one years and over that of seventeen, and who therefore could make a valid will of personal but not of real estate, made a will of both real and personal estate, which was proved in the court of probate, the decree of the court being in these words: "An instrument purporting to be the last will of *F H*, late of *M* in this district, deceased, was presented in court for probate, and having been duly proved was approved and ordered to be recorded." No appeal was ever taken from the decree. Held that this decree was not conclusive as to the competency of the testatrix to make a will of real estate, and that, in an action of ejectment brought by the heirs at law against parties claiming under a devise in the will, evidence was admissible to show that the testatrix was not twenty-one years of age.

The court of probate had ordered a distribution of the real estate under the will, which had been made and accepted by the court. Held that this fact did not affect the case.

EJECTMENT; tried to the jury, in the superior court, on the general issue, before *Park, J.*

On the trial the plaintiff claimed title to the demanded premises as the heir at law of Frances E. Hubbard, deceased. The defendants claimed title to the same under the will of the said Frances, which had been proved, and approved by the court of probate for the district of Middletown, in which the deceased last dwelt; by which will the testatrix had bequeathed

all her personal estate, amounting to a large sum, and had also devised the real estate in question, to one Betsey H. Dickinson, under whom the defendants claimed. The plaintiff, to prove her title, and that the premises did not pass by the devise, offered evidence to show that the said Frances, both at the time of the execution of her will and at the time of her decease, was a minor between the age of seventeen and twenty-one years, to wit, of the age of twenty years, and therefore not competent to make a will of real estate. To this evidence the defendants objected, on the ground that the probate of the will, not having been appealed from, was conclusive upon the plaintiff as to the competency of the testatrix to make the entire will so probated, and as to the passing by the will of the real estate devised. The court sustained the objection and rejected the evidence, and the jury, under the instruction of the court, rendered a verdict in favor of the defendants. The plaintiff moved for a new trial.

The decree of the court of probate approving the will was as follows: "At a probate court, held at Middletown, within and for the district of Middletown, on the 15th day of October, A. D. 1855. Present, Dennis Sage, Judge. Estate of Frances E. Hubbard, late of Middletown, in said district, deceased. An instrument purporting to be the last will and testament of Frances E. Hubbard, late of Middletown in said district, deceased, dated the 24th day of September, 1855, was presented in court for probate, and having been duly proved, was approved, accepted, and ordered to be recorded." It appeared also that the probate court had ordered a distribution of the real estate of the testatrix under the will, that the premises in question had been distributed to Betsey H. Dickinson, the devisee, and that the distribution had been accepted by the court.

*Phelps* and *Chadwick*, in support of the motion.

1. The probate of a will is not conclusive except as to its proper execution as a testamentary paper; and at most extends only to the validity of the instrument as a will. It is not conclusive as to the capacity of the testator to convey all he has undertaken to convey. 1 Swift Dig., 143; *Fortune* v. *Buck*,

23 Conn., 1; 23 Eng. Law & Eq., 132; *Tygart* v. *Peeples*, 9 Rich. (Eq.,) 46; *Jolliffe* v. *Fanning*, 10 Rich. (Law,) 186; *Rowland* v. *Evans*, 6 Penn. S. R., 435; *Bowen* v. *Johnson*, 5 R. Isl., 112; *Holman* v. *Perry*, 4 Met., 496; *Parsons* v. *Lanoc*, 1 Ves. Sen., 189; *Sinclair* v. *Hone*, 6 Ves. Jr., 607; *Stevens* v. *Bagwell*, 15 id., 156; *Scammel* v. *Wilkinson*, 2 East, 558; *Tugman* v. *Hopkins*, 4 Man. & Grang., 402; *Tucker* v. *Inman*, id., 1077; *Marriot* v. *Marriot*, 1 Stra., 666; *Thornton* v. *Curling*, 8 Simons, 310; *Churchill* v. *Dibben*, 9 id., 447; *Walsh* v. *Gladstone*, 13 id., 261; *S. C.*, 1 Phill. Cha. Cas., 294; 1 Jarman on Wills, 23; 1 Wms. on Exrs., 55, 325, 341, 484, 521; 2 Bright on Husb. & Wife, 59; 2 Roberts on Wills, 49; 2 Story Eq. Jur., §§ 1389, 1391.

2. The testatrix also bequeathed personal estate in the same will. This she had full capacity to do; and so far as its provisions extended to that property it was a perfectly valid instrument, and, as such, it was proper and necessary it should have been admitted to probate. And the probate, so far as it effected that property, was valid and unexceptionable. This being so, no appeal from the probate of the will in the ordinary mode could have been sustained by the heir at law. In this state a will can not be proved in part. The probate is an entire act and extends to the whole instrument, whether its provisions are valid to pass the title to all the property attempted to be conveyed or not, and whether the testator had capacity to convey all or not. *Starr* v. *Starr*, 2 Root, 307. And the question whether a particular devise or bequest is good to dispose of the estate referred to in it, is one of construction merely, the authority to determine which is vested in all our courts, and can not be affected by a failure to appeal from the probate. 1 Wms. on Exrs., 484; *Holman* v. *Perry*, 4 Met., 494; *Parsons* v. *Lanoe*, 1 Ves. Sen., 109.

3. In this case the testatrix was under an absolute and total disability. She had no testamentary capacity whatever to devise, and a devise made by her was an entirely nugatory act and wholly void.

4. A will in its operation upon property sought to be disposed of by it speaks from the death of the testator and not

from the execution of the will. *Canfield* v. *Bostwick*, 21 Conn., 550; *Gold* v. *Judson*, id., 616. And therefore the question is as to the testate or intestate character of the estate at the time the devise must, if ever, have taken effect. This testatrix being of non-age at her decease, her real estate by operation of law then instantly vested in her heir. *Stevens* v. *Bagwell*, 15 Ves., 156. It was legally impossible that it should have become testate estate unless she attained her majority, and only on the happening of that event. Her decease in infancy could by no legal possibility operate to change either the character of the estate or the legal disposition of it. Nor had she the power by a purely void act to make testate what the law expressly makes intestate.

5. The defendants virtually admit, and such is clearly the law, that the will, at the decease of the testatrix, had no present operation to convey the premises, and that the devise was void for want of legal capacity in her to make it. Indeed their theory practically is, that it remained so during all the time within which an appeal from the probate of the will might have been taken; and that only at the expiration of that time, for want of an appeal, the title vested in the devisee. If this be in fact so, what prevented the legal title from vesting in the heir at law? The title could not have been in abeyance for a moment, and must have vested at once upon the decease of the testatrix, either in the devisee as testate estate, or in the heir as intestate estate. It possessed one of these characters immediately on the decease of the testatrix. *Stevens* v. *Bagwell*, 15 Ves., 156. Suppose an action had been brought before the expiration of the limitation for an appeal; the defendants' theory would then have failed them. Are we in any worse condition now? We certainly can not be, if the devised premises descended to the heir.

*Tyler* and *Culver*, contra.

The only question to be determined in this case is, whether the court below erred in refusing to hear testimony to prove the age of the testatrix. The object in offering such testimony was to prove a want of testamentary capacity on her part to

make a will of real estate. The probate of the will appears to
have been in common form, (see form in *Judson* v. *Lake*, 3
Day, 319,) and is conclusive as to all matters and facts which
such probate implies, until regularly set aside in a proper pro-
ceeding for that purpose. The statutes of this state give to
courts of probate cognizance of the probate of wills, and allow
to all parties aggrieved an appeal to the superior court. Every
matter of law and fact regarding the validity of wills, both as
they respect real and personal estate, is confided to courts of
probate; and the decisions of those courts, while they stand
unreversed, are as conclusive as the decisions of any other
courts of record on matters within their jurisdiction. Rev.
Stat., tit. 5, § 55; *Bush* v. *Sheldon*, 1 Day, 170; *Judson* v.
*Lake*, 3 id., 318; *Goodrich* v. *Thompson*, 4 id., 215; *Fortune*
v. *Buck*, 23 id., 1; *Sears* v. *Terry*, 26 id., 282. This has
been the settled law in this state for more than half a century
as declared by this court. It is the same in Massachusetts
and New York. *Osgood* v. *Breed*, 12 Mass., 525; *Dublin* v.
*Chadbourn*, 16 id., 433; *Jackson* v. *Robinson*, 4 Wend., 436.
And the same rule prevails in England. *Sir Richard Raine's*
*case*, 1 Ld. Raym., 262; *Rex* v. *Vincent*, 1 Stra., 481; *Allen*
v. *Dundas*, 3 T. R., 125. The same doctrine is laid down in
2 Phill. Ev., (4 Am. ed.,) 77, 80, and notes 288, 289; 1 Per-
kins' Jarm. on Wills, 215; 2 Greenl. Ev., § 672. In the pres-
ent case the probate court, in the order of distribution, ex-
pressly found that the real estate was disposed of by her will.
Indeed, how could the court order a distribution of the real
estate without first determining whether it had been disposed
of by the will? This necessarily involved the question of tes-
tamentary capacity to dispose of the real estate. If a want of
testamentary capacity can be shown in this collateral way on
the ground of non-age, why not with equal propriety on the
ground of unsoundness of mind? And why may it not
equally be shown that the will was obtained by undue influ-
ence? The statute is not more positive and explicit in regard
to soundness of mind as necessary to the competency of a tes-
tator than it is as to age. But that would render the statute
limiting the time for appeals of no effect. The probate of the

will must be regarded as conclusive upon every question relating to the competency of the testator to make the particular will approved. *Laughton* v. *Atkins*, 1 Pick., 535; *Jennison* v. *Hapgood*, 7 id., 1; *Paine* v. *Stone*, 10 id., 76; *White* v. *Starr*, 13 id., 380; *Parker* v. *Parker*, 11 Cush., 519.

SANFORD, J. The only question made in this case is, whether the plaintiff, one of the heirs of Frances E. Hubbard, deceased, was at liberty to prove that the said Frances, under whose will the defendants claimed title to the land in controversy, was at the time she made the will, and at the time of her death, a minor between seventeen and twenty-one years of age.

The instrument under which the defendants claimed was in form a testamentary paper, purporting to dispose both of personal property and real estate, had been duly proved, approved, and established by the decree of the proper court of probate, as the last will of the said Frances, and the whole estate had been distributed to the devisees and legatees pursuant to the provisions of said instrument. The record of the court of probate approving said will is in these words: " At a court of probate," &c. " Estate of Frances E. Hubbard, late of Middletown in said district, deceased. An instrument purporting to be the last will and testament of Frances E. Hubbard, late of Middletown in said district, deceased, dated the 24th day of September, 1855, was presented in court for probate, and having been duly proved was approved, accepted, and ordered to be recorded." This record is claimed to be conclusive evidence of the validity of the will, and of the legal devise of the land in question.

Our courts of probate have exclusive jurisdiction of the probate of wills and of the settlement of estates, and their judgments and decrees in relation to real estate stand upon the same footing, and are of the same force, as in regard to personal property. *Judson* v. *Lake*, 3 Day, 318. Their judgments in matters within their jurisdiction operate upon the subject matter of adjudication, and conclude all persons interested therein, upon the same principles and to the same extent

as the judgments of our common law courts conclude the plaintiffs and defendants, and their respective privies, in cases properly before them; and it is elementary law that judgments are, as between the parties to them and their privies, conclusive evidence of the facts directly put in issue in the case and determined by such judgments, whenever the same facts are in question in another suit.

But a judgment is co-extensive only with the issue upon which it is founded, and conclusive only upon the matters necessarily involved, and included within that issue. 1 Greenl. Ev., § 528; 1 Stark. Ev., 201; 1 Cow. & Hills' notes to Phill. Ev., 587; 1 Smith Lead. Cas., 523; *Coit* v. *Tracy*, 8 Conn., 268. It is not evidence of any fact to be *inferred* from it by argument as having constituted one of its grounds. Thus, in *Blackham's case*, 1 Salk., 290, in trover, the defendant proved that the goods sued for were Jane Blackham's in her lifetime, and that he had administered on her estate. The plaintiff claimed that she had married him a few days before her death; in reply to which claim the defendant contended that the plaintiff was precluded from proving such marriage, by the defendant's letter of administration, because that letter must have been founded upon the fact, or assumption, that there was no such marriage; but Lord Holt received the evidence, remarking that "what has been directly determined can not be gainsayed, but that is to be intended only of the point directly tried." Where two or more distinct causes of action are sued for in the same declaration, and there is a general verdict and judgment for the plaintiff, or a judgment for him on default, the record of such judgment is not conclusive evidence that both or all of those causes of action have been passed upon or adjudicated. Thus in *Seddon* v. *Tutop*, 6 T. R., 607, the plaintiff sued upon a promissory note, and also for goods sold. The defendant suffered judgment by default, and upon executing the writ of inquiry, the plaintiff being unprepared with evidence regarding the goods, took his verdict and judgment for the note only. In a subsequent action for the goods it was held that the judgment in the first suit was no bar to the plaintiff's recovery in the second, and that the plaintiff was at

liberty to prove what took place at the first trial, for the pur-
pose of showing that his verdict and judgment then did not
include the price of the goods sued for now.   See also *Wheeler*
v. *Van Houten*, 12 Johns., 311, and *Phillips* v. *Berick*, 16
id., 136.   So an award upon a submission of all matters in
difference is not conclusive evidence that any one particular
matter was passed upon, and either party may prove that it
was not.   *Webster* v. *Lee*, 5 Mass., 334.

What then does the judgment of the court of probate in this
case conclusively import and establish?   The general question
before that court was, whether the instrument was the last
will and testament of Frances E. Hubbard, and as such enti-
tled to probate.   This question necessarily involved an inquiry
into her testamentary capacity.   If she was seventeen years of
age, and was of sound and disposing mind and memory, then
she was legally competent to make a will, and if the instru-
ment in question was executed, published and attested as the
law required, it was a valid will, and it was the duty of the
court of probate to approve, accept and establish it accord-
ingly.   *It may be* indeed, that the court of probate found the
testatrix not only seventeen, but also twenty-one years of age;
and that it did, would be, perhaps, the natural inference from
the general judgment of approval; but that fact is not stated
in the record, is not *necessarily* involved in the decision, and
it is not *necessary* to infer it in order to uphold the judgment.
In the case of *Seddon* v. *Tutop*, before referred to, issue was
tendered upon two independent facts alleged by the plaintiff
in his declaration, first, that the defendant made the note, and
secondly, that he bought the goods.   By suffering a default
the defendant confessed that the plaintiff had a good cause of
action against him; that is, he confessed the truth of at least
so many of the allegations of fact contained in the plaintiff's
declaration as were necessary to uphold a judgment in the
plaintiff's favor.   So much the record showed conclusively,
but whether that judgment included more or not was open to
inquiry.   So here the record demonstrates that the court of
probate passed upon and found all facts necessary to uphold
its judgment and justify its approval of the instrument as a

Dickinson *v.* Hayes.

will; to wit, the legal capacity and mental competency of the testatrix to make *a* will, that she had made one in fact and in due form of law, and that it was duly attested as her will. Without all these facts found the judgment had no legal basis to stand upon. Standing on them it could not be overthrown. Their existence therefore was conclusively established by the record and could not be disproved. But wills are of two kinds —wills of real estate and wills of personal property. Each kind requires a different degree of capacity in the maker—the first represented by twenty-one years of age, the last by seventeen. This record says in substance that the court of probate found that the testamentary paper in question was the will of Frances E. Hubbard, and consequently that she had one degree at least of testamentary capacity, but whether she was found to have had both or not the record does not with conclusive certainty disclose. The will must therefore operate upon something—on one kind of property or on both; otherwise it would not be a will. But to concede to it the efficacy of a will in its operation upon the personal property is all that is necessary to uphold the judgment of approval by the court. Therefore evidence that the testatrix was not twenty-one years old, that she had capacity to make one kind of will but not both, did not impeach the judgment of the court of probate, or contradict any fact appearing on the record to have been expressly found, or necessary to uphold the judgment.

This is not a question of general testamentary capacity, but of the *degree* of such capacity. Evidence of the testatrix's insanity, idiocy or imbecility, would have been inadmissible, because that would have tended to disprove her possession of any measure or degree of competency to make any will, and so to contradict a fact necessarily involved in the judgment of the court. So proof of duress or undue influence would have been inadmissible, because if the instrument was not the voluntary expression of the testatrix's real wishes and intentions, it was not her will, which the judgment of the court directly found it to be. Evidence to prove the instrument a forgery also would have been inadmissible for the same reason. If it was a forgery it was not the testatrix's will, which the court

of probate directly found it to be. In *Judson* v. *Lake*, before referred to, the court said that " every matter of law and fact regarding the validity of wills, both as they respect real and personal estate, is confided to the courts of probate ; and the decisions of those courts, while they stand unreversed, are as conclusive as the decisions of any other courts of record on matters within their jurisdiction :" and it was there decided that the probate of the will was conclusive, and could not be impeached by showing that the testatrix was a married woman when she made it. But it is to be remarked that no such question as is made in this case could have arisen in that. In *Judson* v. *Lake*, if the testatrix could not have made that will, she could have made no will at all. Her disability, if any thing, was coverture, and that, like idiocy and insanity, was then an absolute and complete disability to make any will. There was but one issue in the case, and no judgment of approval could possibly have been rendered without the direct and affirmative determination of that issue. As the law then stood a married woman could not make a valid will ; but the court of probate had decided that Ann Lake had made a valid will, and therefore must have found that she was not a married woman ; and then that fact, having been thus directly found by a court of competent jurisdiction, could not again be called in question. In the case at bar the record does not show that the question whether the testatrix was twenty-one years of age or not was made before the court of probate. The judgment of that court may be upheld without assuming that it was ; and, for the purpose of excluding evidence of the truth, no such assumption can be made.

But it is said the court of probate distributed the real estate according to the provisions of the will, and therefore must have found that the will was a valid disposition of that estate, and that the testatrix was legally competent to make it.

But the devisees derive no *title* from the distribution ; that comes from the will. Distribution is the mere partition of the property among the owners of it, and cures no defect in the origin of their title. In making those orders in relation to the distribution, the court of probate doubtless proceeded upon

Dickinson *v.* Hayes.

the assumption that the whole will was valid, and that the legal title to the land was in the devisees, but it is obvious that no question regarding the capacity of the testatrix, the validity of the will, or the effect of its prior approval, then was, or could have been, made or determined by the court.

Verdicts and judgments are conclusive evidence of the facts which they profess to find and which are necessary to uphold them, because those facts were properly in issue, were the subject of inquiry, and were upon such inquiry judicially determined. But in regard to facts about which the court could have made no inquiry, no inference can be drawn from its determination.

It is not our purpose to question the conclusive efficacy of the judgments of our courts of probate. While they remain unreversed and unappealed from they rest upon the same foundation of principle and of policy which upholds the judgments of all our other courts. But in regard to all of them, it is of the highest importance to the public tranquillity, no less than to the security of individual rights, that the citizen should be able from the judicial record to ascertain with certainty what has already been decided and what still remains open to litigation. To this end the rigid application of exact and definite rules of interpretation to judicial records is justified and demanded, as well as by the consideration that in so far as such records are held incontrovertible they sometimes operate to exclude evidence of the truth and to perpetuate injustice.

A new trial should be granted.

In this opinion the other judges concurred.