HARVARD LAW SCHOOL LIBRARY

WILLIAM H. LAKE, ADMINISTRATOR, *vs.* STANLEY S. WARNER AND ANOTHER, EXECUTORS.

A will may be void as to devises of real estate and good as to legacies of personal property.

ASSUMPSIT; tried to the jury in the superior court before *Sanford, J.* The case involved the question of the validity of the will of Thomas Sanford as a will of personal property, the will containing devises of real estate which were void by reason of the attestation of the will by two witnesses only. It was dated Nov. 21, 1846. The judge charged the jury that the will was good as a will of personal property, notwithstanding the invalidity of the devises in it, and the jury having returned a verdict for the defendants, the plaintiff moved for a new trial for error in the charge.

*Taylor,* in support of the motion, cited *Starr* v. *Starr,* 2 Root, 303; *Very* v. *Very,* 3 Pick., 374; *Brown* v. *Thorndike,* 15 id., 388; *Kendall* v. *Kendall,* 24 id., 217.

*Averill* and *Turrill,* with whom was *Brewster,* contra, cited *Dickinson* v. *Hayes,* 31 Conn., 417; *Irwin's Appeal from Probate,* 33 id., 128; *Cobbold* v. *Baas,* 4 Vesey, 200, note;

*Beard* v. *Beard*, 3 Atk., 72; *Billinghurst* v. *Vickers*, 1 Phillemore, 187; *Public Administrator* v. *Watts*, 1 Paige, 347; *Watts* v. *Public Administrator*, 4 Wend., 168; *Dean* v. *Littlefield*, 1 Pick., 239; *Laughton* v. *Atkins*, id., 548; *Holman* v. *Perry*, 4 Met., 492, 497; *Lapham* v. *Olney*, 5 R. Isl., 413; *Guthrie* v. *Owen*, 2 Humph., 202; 1 Redfield on Wills, 170.

PARK, J. The will in question is void so far as it relates to real estate, from the fact that it is attested by two witnesses only; and the plaintiff claims that being void in relation to the realty it is void also in relation to the personal property, although a bequest of personal property made at that time, thus attested, comes within the saving clause of the statute. Gen. Statutes, tit. 20, sec. 2.

The claim is that a will void in part is void *in toto*, because the will as a whole represents the mind of the testator, and not each part by itself. But this question is settled by the case of *Dickinson* v. *Hayes*, 31 Conn., 417. In that case a minor, under the age of twenty-one years, but over seventeen years, and who therefore could make a valid disposition of personal property by will, but not of real estate, made a will of both real and personal property. The question made here was not directly put in issue in that case, but the whole reasoning of the court, together with the decision itself, was based upon the fact that the will was good in relation to the personal property, although void in respect to the real estate. Judge Sanford, in giving the opinion of the court in that case, says: "If she (the testatrix) was seventeen years of age and was of sound and disposing mind and memory, then she was legally competent to make a will, and if the instrument in question was executed, published and attested as the law required, it was a valid will, and it was the duty of the court of probate to approve, accept and establish it accordingly." This language is used in relation to that portion of the will which made a disposition of personal property, which could not have been true if the claim of the plaintiff is correct, that the will was wholly void by reason of the devises of real estate contained therein. So in the case of *Irwin's Appeal*

*from Probate*, 33 Conn., 128, where the court recognizes the same doctrine. See also 1 Redfield on Wills, 170, where it is said that " there have been cases where a will defectively executed as a will of real and personal estate, has been admitted to probate as a testamentary disposition of personal estate," and cites *Guthrie* v. *Owen*, 2 Humph., 202.

We are aware that the case of *Starr* v. *Starr*, 2 Root, 303, and cases in Massachusetts, hold a contrary doctrine, but notwithstanding these cases the principle is now well established in. this state, that a will may be good as to the personalty, although void as to the realty.

The evidence therefore objected to by the plaintiff was properly received by the court, and the charge to the jury respecting the same was correct.

A new trial is not advised.

In this opinion the other judges concurred.