THOMAS S. BENT'S APPEAL FROM PROBATE.

A decree of a court of probate approving a will, not appealed from, does not render valid void bequests in the will.

A decree of a court of probate approving a will containing void bequests, is not erroneous because it is general and does not limit its approval to the valid bequests.

APPEAL from a decree of probate approving the will of Bartlett Bent, deceased; brought to the Superior Court in Middlesex county, and reserved for the advice of this court. The case is sufficiently stated in the opinion.

*T. Darlington*, of New York, with whom was *A. Hall*, for the appellant.

*Warner* and *Culver*, with whom was *Tyler*, for the appellees.

PARK, J. The appellant claims that certain bequests and devises in the will of Bartlett Bent, deceased, are void for various reasons claimed by him, and that therefore the judgment of the court of probate approving the will, without declaring those bequests and devises void, was erroneous, and should be reversed. The claim is, that the approval of a will in general terms containing valid and void bequests, es-

tablishes the void bequests and precludes all further contro-
versy respecting their validity, unless an appeal is taken from
the judgment of approval.

In the case of *Dickinson* v. *Hayes*, 31 Conn., 417, the
testatrix was a minor of the age of seventeen years. She had
capacity to make a will of personal property, but not one of
real estate, owing to the fact that she was a minor. She
made a will purporting to dispose of both real and personal
estate. The court of probate approved the will in general
terms, and no appeal was taken from the judgment of appro-
val. It was held that the judgment of approval did not pre-
vent the heir at law from contesting in an action of ejectment
the validity of the will in relation to the real estate. Judge
Sanford, in giving the opinion of the court, says:—
" But to concede to it the efficacy of a will in its operation
upon personal property is all that is necessary to uphold the
judgment of approval by the court. Therefore evidence that
the testatrix was not twenty-one years old, and that she had
therefore capacity to make one kind of will but not both, did
not impeach the judgment of the court of probate, or contra-
dict any fact appearing on the record to have been expressly
found, or necessary to uphold the judgment." All the dis-
tinction between that case and this lies in the fact that in
that case a part of the will was inoperative in consequence of
the incapacity of the testatrix to make it, arising from minor-
ity, while here the claim is, that a part of this will is inopera-
tive in consequence of the incapacity of the testator to make
such disposition of his property as he has attempted to make.
In the one case the incapacity arises from the person, while
in the other it arises from the subject matter of the devises,
but in both there is incapacity to do what is attempted to be
done; and if in the one case the judgment of the court of pro-
bate should be confined to those parts of the will that the tes-
tatrix had capacity to make, so should it be in the other, for
there is no distinction in principle. Again, if it be true, as
the appellant claims, that a part of this will is void because
the testator had no power to dispose of his property in the
manner described, the defect appears upon the face of the

will itself. It does not depend upon the existence of some collateral fact which can be shown only by evidence, as was the case in *Dickinson* v. *Hayes*, and in *Judson* v. *Lake*, 3 Day, 318, but it becomes manifest upon inspection of the will. Now a court of probate has no jurisdiction of a will inherently void, and no action of the court can make it good. Suppose *A* should devise a part of his estate to one of the six sons of *B*, naming them all without naming his intended devisee; or suppose he should devise a part of his estate to *B* upon condition that he should murder *C* immediately after the death of the testator; could any action of the court of probate make such devises good by judgment of approval? Clearly not. So here, if there are clauses in this will that are inherently void, the testator has made no disposition of the property mentioned in them. It is intestate estate so far as the void clauses are concerned, and vested in the heir at law upon the death of the testator, and can the court of probate change the inheritance and make a will where none exists by merely approving the form of it? In the case of *Dickinson* v. *Hayes* the void character of the devise did not appear upon the face of the will, but was depending upon evidence to show that the testatrix was not twenty-one years of age at the time the will was made. The court of probate had jurisdiction of the question of fact, and if the record had shown that the court had passed upon it, and found that the testatrix was twenty-one years of age at the time the will was made, the judgment of approval would have rendered the devise good, because the finding of the court that the testatrix was of that age would have been conclusive of the question, inasmuch as the judgment was not appealed from.

The distinction between that case and the present one is obvious, and we think it is clear that if there are clauses in this will that are void upon their face, no action of the court of probate could make them good; and consequently it is a matter of no importance whether the judgment of approval extended to them or not.

We therefore advise the Superior Court that the matters

set forth in the appellees' motion to dismiss the appeal are sufficient in the law.

In this opinion the other judges concurred.