## In the matter of the will of SARAH STEWART.

Where by the laws of the state in which a feme covert is domiciled, she is authorized to dispose of her property by will, her will may be proved and established, as a valid will of personal property, in the state of New-York; and letters testamentary, or letters of administration with the will annexed, will be granted accordingly here.

Testamentary dispositions of real property are governed by the *lex loci rei sitæ*. The will of a feme covert, therefore, is not valid as a will of real property situated in the state of New-York; although it would be valid by the laws of the state where the testratrix was domiciled, and where such will was executed.

But the will of a feme covert, whose residence was in the state of Ohio, may be proved and established here as a valid execution of a power of appointment, authorizing her to dispose of her real estate by will; a power to a feme covert to appoint or dispose of real property, by will, being valid under the provisions of the revised statutes relative to powers.

THIS was an application to establish the will of a feme covert, who was domiciled in the state of Ohio at the time of her death; a commission having been issued for that purpose, under the provisions of the revised statutes.

*S. H. Hammond,* for petitioner.

THE CHANCELLOR. This is an application to establish the will of Sarah Stewart, late of Cleveland, in the state of Ohio, deceased, as a valid will both of real and personal property.

It appears by the testimony, that the testatrix was a feme covert, and was domiciled in the state of Ohio at the time of executing her will and at the time of her death, and that the will was executed there, in the presence of two witnesses.   She left real and personal property in the county of Onondaga; to which she was entitled as part of the estate of her deceased father.   And it is established by the testimony that, by the laws of Ohio, the will of a feme covert is valid.   There must, therefore, be a decree, declaring that the instrument propounded is duly proved and established as a valid will of the personal estate of the testatrix, wherever such estate is situated.   And the will must be transmitted to the surrogate of the county of Onondaga, with directions to him to grant letters testamentary thereon, or letters of administration with the will annexed; in the same manner as if such will had been duly proved before him, as a will of personal estate.

The will of this feme covert, however, is not valid as a will of real property situated within this state.   For the devise of such property is governed by the *lex loci rei sitæ*.   But it is valid as an appointment of real estate under a power, in relation to any real property which the decedent, by the laws of this state, was authorized to appoint or dispose of by will, under the provisions of the 110th section of the article of the revised statutes relative to powers.   (1 *R. S.* 735.)   If any of the real estate of the testatrix, therefore, was subject to such a power of appointment by devise or testamentary disposition, under the will of her father, or otherwise, the decree may also declare that this will of Mrs. Stewart was duly executed for that purpose; and may establish it as a valid will of real estate, to that extent, and direct that it be recorded as such.   But as a feme covert has no power to devise lands here, except in the execution of such a power, the decree must declare that the will is not duly proved, as a will of the real property of the testatrix situated in the state of New-York; except so far as it may operate as an appointment of her real estate by will, under a valid power for that purpose.