## SUPREME COURT.

### ELIZABETH HILL agt. WILLIAM BURGER, Executor, &c., of ALFRED HILL, and others.

Where a *will* on its face purported, among other things, under the designation of " personal property," to bequeath a certain *leasehold estate* or *interest* to one party, which was intended to be devised as *real estate* to another, was propounded for probate; and, after hearing all parties, the surrogate decided that so much of the instrument as bequeathed such leasehold interest was not the will of the testator, and for that reason excepted it from probate,

*Held,* that the rejection of such portion of the will to probate was, in effect, like an *interlineation* made in the will, which the surrogate, on proper proof, might reject without disturbing the rest of the will. The legacy in question being inserted by mistake, it was no part of the testator's will.

After the time fixed by statute for appealing from a final decree of a surrogate admitting a will to probate, this court has no jurisdiction to review collaterally, in an original suit, such decision. Until reversed on appeal regularly taken, the decree is conclusive.

*New-York Special Term, October, 1854.*—Motion to dismiss complaint.

The plaintiff filed her complaint against the defendants, claiming, under a will and an order of the surrogate, the rents and annual income, during her life, of the leasehold premises of Alfred Hill, deceased, lately known as No. 208 Greenwich street, in the city of New-York; and that said premises, after her decease, belong to her child, Florence Hill. It appeared that Alfred Hill, late of the city of New-York, died on the 30th of June, 1850, after a brief illness, at Saratoga Springs, New-York. On the day of his death, he made his will as follows: " The last will and testament of Alfred Hill, of the city of New-York. I, Alfred Hill, do make, and publish and declare this my last will and testament, as follows: I give, devise and bequeath unto my mother, Mary Hill, and sisters, Caroline, Amanda and Emily, all and singular my real estate of every description, and wheresoever situated; to have, and to hold the same in equal proportions, share and share alike.

" And I do further give and bequeath unto Elizabeth Parker, of the city of New-York, the use and annual income of all and singular my goods, chattels, moneys, bonds, notes, and personal property of every name and nature, during her natural life; and the said goods, chattels, moneys, bonds, notes, and personal estate, after the decease of said Elizabeth, I give and bequeath unto Florence, the child of said Elizabeth; to have, and to hold the same forever.

" And I do hereby nominate and appoint my friend, William Burger, executor of this my last will and testament; and do hereby authorize and empower him, my said executor, to do and perform any and all act or acts necessary to carry into effect, this my last will and testament."

In September, 1850, the will, on presentation to the surrogate of the city and county of New-York, by the executor, was duly proved; and on the 30th December, 1850, the surrogate made his decree therein, as follows : " The citation in this matter having been duly issued, served and returned, such proceedings were thereupon had, that the proofs were duly taken, and after hearing, counsel for all the parties appearing, and mature deliberation thereon had, it is decided, ordered, adjudged and decreed, that the instrument offered to probate in this matter is, and the same is hereby admitted to probate as a valid will of the real and personal estate of the testator, except as to the legacies of the testator's " personal estate" therein mentioned to Elizabeth Parker and her child Florence ; which said legacies of said " personal estate" are admitted to probate as a part of said will, except as to the leasehold lot and premises of the said testator, known as number two hundred and eight Greenwich street, in the city of New-York, which premises are hereby reserved from the probate of so much of said will as relates to said legacies of said " personal estate."

It appeared in testimony, on proving the will, that Mr. Hill informed the person called to draw his will, (Judge Bockes, of Saratoga Springs,) that he owned real estate ; and referred to the store No. 208 Greenwich street, New-York, and requested his real estate to be devised to his mother and sisters, as stated

in the will, and his personal property to the plaintiff and Florence her child, stating that Florence was his child. But the testimony disclosed that the store and lot No. 208 Greenwich street was *leased* to Mr. Hill, for a term of years, at an annual rent—that he did not own the fee.

Plaintiff alleged in her complaint, that she was the same person the legatee named, in said will of Alfred Hill, deceased, as Elizabeth Parker. That William Burger, the executor, on or about the 11th of January, 1851, appealed from so much of said decree of the surrogate as excepted from the probate of said will the leasehold premises of the testator known as No. 208 Greenwich street, and reserved the same, from so much of said will as related to said legacies of personal estate, to the supreme court. Subsequently, negotiations were entered into, and consummated by and between the counsel for the respective parties, by which such appeal was abandoned by the executor, and an order entered the 15th of March, 1851, by consent, dismissing the appeal, and remanding the matter back to the surrogate, to be proceeded with by him. That the executor, Burger, in the arrangement made by him with the other defendants hereto, agreed to release and transfer to the said defendants, Mary Hill, Caroline Hill, Amanda Hill, Garrit Forshay, and Emily his wife, the leasehold premises in Greenwich street, as heirs at law, with the right to collect the rents for their own use.

That such arrangement and withdrawal of said appeal, and agreement to transfer said leasehold estate by said executor, were signed by D. Evans, attorney and proctor for William Burger the executor, and the attorney, proctor and counsel of the said Mary Hill and others, heirs at law; that they were wholly unauthorized by the plaintiff, or by any person acting for her, or by or for said Florence Hill, her child, who was an infant under twenty-one years of age, and never had been assented to by the plaintiff, directly or indirectly. That the plaintiff was not, in said negotiations and proceedings, represented by counsel, and was not a party to said proceedings. That as soon as she was informed of such proceedings, she dis-

avowed them, and insisted upon said appeal being revived, and the order dismissing it to be annulled, if it could be; the time allowed by statute for appealing anew from the surrogate's decree having elapsed. That an application was made to the supreme court to annul said order, dismissing the appeal, and to revive said appeal; but was denied on the specific ground that the executor, by law, had no right to appeal in said matter.

That on the 31st of March, 1851, the premises No. 208 Greenwich street, had been leased to Hall & Van Buskirk, by a collector of said estate, appointed by the surrogate, and under his order, with the advice and consent of the executor, for five years, for a yearly rent of $1,350, payable quarterly. That said defendants, Mary Hill and others, claimed, as heirs at law of said Alfred Hill, deceased, the leasehold premises in Greenwich street, and the rents thereof, under the said order of the surrogate of the 13th of December, 1850; and had commenced proceedings before said surrogate, to compel the executor to assign to them said leasehold premises, and the lease thereof, and all the rents accrued or to accrue thereon. That plaintiff feared said assignment would be made by said executor, unless the parties were restrained by the order of this court.

Plaintiff charged, and prayed judgment accordingly, that so much, and such part of the order of the surrogate as excepted from probate the legacies of the testator's personal estate to her and her child Florence, and which admitted said legacies of personal estate to probate as a part of said will, except as to the leasehold lot and premises in Greenwich street, and which reserved said premises from the probate of so much of said will as related to said personal estate, was null and void, and of no force or effect, so far as it purported to admit a certain portion of specific legacies to probate, and rejected other portions of the same legacy from the probate of said will. That the legal effect of said decree of the surrogate, was to admit the whole will to probate, as a will of real and personal estate; and that under said will, and said order or decree, the plaintiff

was entitled to the use and annual income of said leasehold premises, and to the rents thereof, during her life; the said premises, after her decease, belonging to her said child, Florence; and that the arrangement and settlement, or compromise, made by said Burger, was void for want of authority on the part of the executor, and of consideration.

SANDFORDS, PORTER and STRIKER, *for plaintiff*.

D. EVANS, *for defendant*.

ROOSEVELT, Justice. No actual marriage between the plaintiff and the late Mr. Hill has been proved. She does not even aver it in her complaint. On the contrary, she claims under the will, not as widow, but as being the same person designated in the will by the description of "Elizabeth Parker," and as the mother of an infant described in it also, not as the child of the testator, but as "Florence, the child of said Elizabeth." Although, therefore, the plaintiff and the testator cohabited together as man and wife, it is obvious they neither were, nor did they consider themselves as married persons.

The next point relates to the effect of the will.

" All his real estate, of every description," the testator gives to his mother and sisters—all his personal, to Elizabeth Parker (who now calls herself Elizabeth Hill,) for life, and then to her child.

The testator, it appears, was on a visit to Saratoga. While there he was taken suddenly ill, sent for a lawyer to draw a will, signed it, and a few hours after died. On being asked whether he had any real estate, he said yes—referring to a house and lot in Greenwich street, of which, however, he had only a leasehold title. It is not pretended that he had any other property which could in any way be denominated real estate. It is clear, therefore, that when he directed his counsel so to draw the will as to give the real estate to his mother and sisters, he meant the leasehold property referred to. Such, too, is the common understanding in such cases. But, technically, leasehold is not real estate. So that the lawyer, by

mistake, made him, in effect, give nothing to his lawful relatives, and, under the term personal, everything to those who were not lawful.

Accordingly, when the instrument came to be proved before the surrogate, he allowed it only as a testamentary disposition of all the personal estate, except the leasehold interest. *That* he adjudged to be undevised, and the consequence would be that it went to the mother, as his next of kin. Elizabeth Parker, notwithstanding, files her bill, praying that the executor may be compelled to assign the lease to her; in other words, that she and her child may have all, and the lawful representatives nothing.

It is a sufficient answer, it seems to me, to her claim, that the surrogate has passed upon it already, and that his decree in such a case cannot be reviewed collaterally. Until reversed on appeal regularly taken, which now it cannot be, it is conclusive. To the surrogate the law has confided the jurisdiction " to take the proof of wills." Here was an instrument purporting, on its face, among other things, under the designation of " personal property," to bequeath a certain leasehold interest. It was propounded for probate. After hearing all parties, the surrogate decides that so much of the instrument is not the will of the testator, and for that reason excepts it from probate. It is conceded, that had there been an interlineation, the surrogate, on proper proof, might have rejected the matter interlined, without disturbing the rest of the will. And is not this, in effect, the same case? The legacy in question was inserted by mistake; it was, in other words, no part of the testator's will. So the surrogate thought; at all events, so he adjudged.

I do not see that I have any power—and I certainly, under the circumstances, have no inclination—to review his decision in an original suit, and one, too, having, as it would seem, no very controlling equity to recommend it, and entirely at variance, in its object, with the clearly established intent of the testator.

The bill must, therefore, be dismissed with costs.