ALICE LOOSEMORE, PLAINTIFF IN ERROR, v. WILLIAM SMITH AND OTHERS, DEFENDANTS IN ERROR.

1. **Probating Will:** JURISDICTION OF COUNTY COURT. The county court has original jurisdiction in the probate of a will, and its order admitting a will to probate is conclusive, unless by a direct proceeding, by appeal, or otherwise, it is reversed.

2. ——: JURISDICTION OF DISTRICT COURT. The district court has no original jurisdiction to set aside a will or the probate of the same.

ERROR to the district court for Otoe county. Heard below before POUND, J.

*Watson & Wodehouse,* for plaintiff in error.

*Edwin F. Warren* and *F. E. Brown,* for defendants in error.

MAXWELL, J.

This is a petition in equity to set aside the will of one Thomas Smith, deceased, which will was admitted to probate in the county court of Otoe county, on the 31st day of December, 1879. The question to be determined is, is the probate of a will conclusive in the absence of a statute authorizing the filing of a petition in equity to set it aside? In other words, in the absence of a statute conferring authority, has the district court original jurisdiction in such case?

Section 143 of chapter 23, Comp. Statutes, entitled Decedents, provides that: "No will shall be effectual to pass either real or personal estate, unless it shall have been duly proved and allowed in the probate court as provided in this chapter, or on appeal in the district court, and the probate of the will, of real or personal estate, as above mentioned, shall be conclusive as to its due execution."

In the case of *Tarver v. Tarver*, 9 Peters, 174, it was held that an original bill would not be sustained on an allegation that the probate of the will was void; that if any error was committed in admitting the will to probate it should have been corrected on appeal. To the same effect is the Broderick will case. 21 Wall., 504.

In *Bumstead v. Reed*, 31 Barb., 661, it was held that where, upon an application to a surrogate for probate of a will and for letters testamentary thereon, the residence of the testator at the time of his death, in the county of such surrogate, is plainly averred in the petition, and is not in any way controverted, but is substantially admitted by all the parties interested in said bill, and is practically established by sufficient evidence, as a fact, by that tribunal, that court has jurisdiction of the case; its determination is conclusive as to the validity and probate of the will, and cannot be examined or assailed in any collateral proceeding, or in any other tribunal of original jurisdiction.

In *Matter of will of Warfield*, 22 Cal., 51, it was held that where the probate court acquires jurisdiction to probate a will by the presentation to it of a proper petition for that purpose, and the publication of notice of the time of proving the will, and afterwards in such proceeding admits the will to probate, its determination is final, except upon a direct proceeding by appeal, or otherwise, to reverse it, and cannot be questioned collaterally. To the same effect is *Rogers v. King*, Id., 71. *State v.*

*McGlynn*, 20 Id., 233. *Castro v. Richardson*, 18 Id., 478. *Telford v. Barney*, 1 G. Greene, 575. *Singleton v. Singleton*, 8 B. Mon., 340. *Hughey v. Sidwell*, 18 Id., 259. *Tabhott v. Berry*, 10 Id., 473. *Jourden v. Meier*, 31 Mo., 40. *Poplin v. Hawke*, 8 N. H., 124. *Hill v. Burger*, 10 How. Pr., 264.

The statutes of a number of the states provide for commencing an original action within a limited period, for the purpose of establishing the invalidity of a will, but we have no such statute, and under our law an order admitting a will to probate is conclusive, unless an appeal is taken to the district court as provided in secs. 42 and 43 of the probate law. [Comp. Stat., 210]. This being an original action, and the district court having no jurisdiction in such case, its judgment dismissing the case must be affirmed.

JUDGMENT AFFIRMED.