NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—November, 1886.

## MATTER OF McMULKIN.

*In the matter of the estate of* MARY McMULKIN,
*deceased.*

Under Code Civ. Pro., § 2611, a testamentary paper shown to have been
executed in conformity with the laws of this State is, so far as regards
the formalities of execution, entitled to be admitted to probate in a
Surrogate's court thereof, wheresoever and by whomsoever executed,
whatever the nature of the property whose disposition it seeks to
effect, and wherever such property may be situated.

Hence, where, a petition having been presented praying for probate of
a will, it appeared that decedent died at Glasgow, Scotland, being a
resident of that city; and was conceded that the paper was executed in
Scotland while its maker resided there, that the execution was fatally
defective under the laws of that country, and that there were assets in
the county of New York,—

*Held,* that the Surrogate's court of that county had jurisdiction to decree
probate thereof.

Code Civ. Pro., § 2611, as thus interpreted, is entirely consistent with id.,
§ 2694;—the object of the latter section being to designate the laws
governing the validity and effect of testamentary dispositions.

APPLICATION for probate of will.

L. H. ARNOLD, JR., *for proponent.*

HENRY HOYT, *for contestant.*

MERRILL & ROGERS, *for Isabella Funston.*

THE SURROGATE.—A paper purporting to be the
will of Mary McMulkin, deceased, has been pro-
pounded in this court for probate. The petition
praying for such probate alleges that the decedent
died in Glasgow, Scotland, on November 19th, 1885,

and that she was at the time a resident of that city. The petition does not allege that she left any assets in this county, or that there are in this county any assets belonging to her estate that have been brought hither since her death. It is plain, therefore, that as the proceeding now stands the Surrogate has no jurisdiction to entertain it. It seems to be admitted, however, that there are in fact assets of the estate in the county of New York, and it is also admitted that the paper in dispute was executed in Scotland; that the decedent was there resident at the time of its execution and that its execution is fatally defective under the laws of that country. I am asked by all parties interested to determine whether, upon this state of facts, it must necessarily be denied probate, even though it was executed in manner and form as prescribed by our Statute of Wills. Section 2611 of the Code of Civil Procedure provides that " a will of real or personal property executed as prescribed by the laws of the State, *or* a will of personal property executed without the State and within the United States, the Dominion of Canada or the Kingdom of Great Britain and Ireland, as prescribed by the laws of the State or country where it is or was executed; *or* a will of personal property executed by a person not a resident of the State, according to the laws of the testator's residence, may be proved as prescribed in this article."

It is argued with much ingenuity that the first clause of the section above quoted was not intended to cover wills of non-residents without this State, and that in passing upon the sufficiency of the execution

of a will of *personalty* made without this State by a non-resident, regard should be had solely to the law of his domicil, except that such a will, wherever the decedent's domicil, should be deemed properly executed if executed in a sister State, or in the Dominion of Canada or in the Kingdom of Great Britain and Ireland, according to the law of the place of such execution.

I should be greatly disposed to put this interpretation upon the statute if its language would permit. But it seems to me to assert very squarely that if a testamentary paper is shown to have been executed in conformity with the laws of this State, it is, so far as regards the formalities of execution, entitled to probate wheresoever and by whomsoever executed, whatever the nature of the property whose disposition it seeks to effect, and wherever such property may be situated. One of the sections added by ch. 320 of the Laws of 1830 to the first title of ch. 6, part 2 of the Revised Statutes (which section appears as § 69, at page 71 of 3 Banks' Statutes, 6th edition) provided as follows: "No will of personal estate made out of this State by a person not being a citizen of this State shall be admitted to probate under either of the preceding provisions . . . unless such will shall have been executed according to the laws of the State or country in which the same was made." This provision was never repealed in terms until the passage of the General Repealing act (L. 1880, ch. 245), which ushered in the Code; but it was provided by ch. 118 of the Laws of 1876 that " every will and other testamentary instrument made out of the State of New

York, and within the United States of America, the Dominion of Canada, or the Kingdom of Great Britain and Ireland, whatever may be the domicil of the person making the same, at the time of making the same, or at the time of his or her death, shall, as regards personal estate, be held to be well executed for the purpose of being admitted to probate in the State of New York, if the same be made according to the forms required either by the law · of the place where the same was made or by the law of the place where such person was domiciled when the will was made, *or by the laws of the State of New York.*

I can discover no indication that the provisions of the statute just quoted were intended by the codifiers or the legislature to be altered, so far as they relate to the matter here under discussion, by the substituted provisions of the Code.

There is no inconsistency between § 2611, as thus interpreted, and § 2694, which declares that " the validity and effect of a testamentary disposition of personal property situated within the State are regulated by the laws of the State or country of which the decedent was a resident at the time of his death. A will may be entitled to probate although all its dispositions of property may be discovered to be invalid.