JULIUS KEISTER

*v.*

JOHN F. KEISTER *et al.*

*Opinion filed February 17, 1899.*

1. WILLS—*bill to contest must be filed within two years from probate.*
Except in case of disability a bill in chancery to contest a will must,
under section 7 of the act on Wills, (Laws of 1895, p. 327,) be filed
within two years from the time of probate.

2. SAME—*bill for partition construed as a bill to contest will.* A bill
for partition which alleges that complainant is a tenant in com-
mon by inheritance but that defendants fraudulently procured a
will devising the property to them, which was improperly admitted
to probate and which constitutes a cloud on complainant's title, is
a bill to contest the validity of the will.

3. SAME—*irregularities in probate do not excuse filing of bill within two
years.* Mere irregularities in probate proceedings which could only
be availed of in a direct proceeding do not render the probate a
nullity, so as to permit the filing of a bill to contest the will more
than two years after such probate.

WRIT OF ERROR to the Circuit Court of Macon county;
the Hon. EDWARD P. VAIL, Judge, presiding.

LEFORGEE & LEE, for plaintiff in error.

JOHNS & HOUSUM, for defendants in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

At the January term, 1897, of the circuit court of
Macon county, Julius Keister, plaintiff in error, filed his
bill for the partition of certain lands in that county, al-
leging that by reason of the death of his father, Peter
Keister, on November 5, 1891, he became the owner of
the lands in question as tenant in common with his
brother, John F. Keister, subject to the dower and home-
stead rights of Susan Keister, the surviving widow. The
bill charges that, by means of fraud and undue influence
on the part of John F. Keister and Susan Keister over
the mind of the deceased, they induced him to make a

will which practically disinherited plaintiff in error, and that in pursuance of their fraudulent designs the purported will was, on the 10th day of November, 1891, presented for probate in the county court of Macon county and was improperly admitted to record, and that letters testamentary were granted thereunder. It is alleged the will thus obtained and improperly probated constitutes a cloud upon complainant's title which he asks to have removed, and that partition of the premises be decreed. To this bill the defendants filed a general demurrer, which was sustained. From that ruling complainant brings the cause to this court on writ of error.

While this is called a bill for partition, it clearly shows on its face that the complainant can only have that relief upon an order setting aside the will of his father, Peter Keister. Therefore, unless sufficient facts are properly alleged to entitle him to the latter relief the demurrer was properly sustained and the decree below must be affirmed. On this branch of the case the bill is plainly one to contest said will by bill in chancery. The right to that relief is purely a statutory right, and can only be availed of under the provisions of section 7 of the Statute of Wills. Rev. Stat. chap. 148; *Luther* v. *Luther*, 122 Ill. 558; *Wheeler* v. *Wheeler*, 134 id. 522; *Jele* v. *Lemberger*, 163 id. 338.

It is alleged in the bill that the will was presented for probate to the county court of Macon county November 10, 1891, and letters testamentary in the estate were issued to the executors named in the will. The bill, however, was not filed until the 22d day of May, 1897. One of the requirements of section 7, *supra*, is, that a bill to contest a will in chancery must be filed within two years after the probate of any such will. Here more than six years have intervened, and as held in *Luther* v. *Luther* and *Wheeler* v. *Wheeler*, *supra*, the court was without jurisdiction to entertain the bill. It is not shown by allegations, nor is it even claimed in the argument, that the complain-

ant was at any time under either of the disabilities named
in section 7 of the statute.

An attempt is made to escape the foregoing conclusion
by insisting that it is shown by the bill that the will
was not properly admitted to probate.    The allegations
in that regard are as follows:  "That upon the 11th day
of November, 1891, John F. Keister and Jacob S. Keller
filed their certain petition in the county court of Macon
county for letters testamentary in the estate of Peter
Keister, deceased; that the said cause coming on to be
heard, letters testamentary were improperly granted to
the said John F. Keister and Jacob S. Keller as executors
of the last will and testament of the said Peter Keister,
deceased; that upon the 10th day of November, 1891, the
said will purporting to be the last will and testament of
the said Peter Keister, deceased, was present for probate
in the county court of Macon county, Illinois; that at
the time said alleged will was so presented for probate,
no real proof or testimony was offered or tendered as
to the execution of said will, and that the only proof so
presented was a certain paper purporting to be proof,
a copy of which is hereto attached, marked 'Exhibit B,'
and made a part of this bill of complaint."

The allegations that the will was not *properly probated*
and that letters testamentary were *improperly granted* are
the mere conclusions of the pleader and are not supported
by the facts.    "Exhibit B," referred to, shows that the
witnesses to the will appeared at the November term,
1891, of the Macon county court and made oath to the
execution of the instrument, and while the oath is not
literally in the language of the statute we think it is in
substantial compliance therewith.  On the back of the will
and attestation by the witnesses was endorsed: "Probate
of will, Macon county court, November term, 1891.—In
the matter of the last will and testament of Peter Keister,
deceased.—Filed in the county court this 10th day of No-
vember, 1891.—George P. Hardy, Clerk."  "Recorded in

will records, page 202." Then follows the oath of the executors, dated November 11, 1891, subscribed and sworn to in open court before the clerk, which was duly filed. It does thus appear with reasonable certainty that the will was in fact admitted to probate, although no formal order to that effect was entered, as should have been done. Certainly, enough is here shown to establish the fact, in the absence of an allegation to the contrary, that the estate of Peter Keister was taken jurisdiction of by the probate court under the will, and it must be presumed that in due course of law it has been settled in pursuance of that will. See *Counts* v. *Wilson,* 20 S. E. Rep. 942; *Will of Warfield,* 22 Cal. 51.

But even if it could be said that the record of probate as here shown would be insufficient in a direct attack upon the same, nothing, we think, is clearer than that in this collateral proceeding it must be held sufficient. The wisdom of the statute fixing a time within which bills in chancery may be filed to contest and set aside wills, testaments and codicils, and of that well settled rule of law which permits attacks upon the proceedings of courts of general jurisdiction for mere irregularities only by a direct proceeding for that purpose, are forcibly illustrated by this bill. To permit the complainants now to come into a court of equity and attack this will, or its probate, on the facts alleged, would be inequitable and wholly unauthorized by the law.

There are many allegations in the bill which seem to have no relevancy to the legal or equitable rights of the complainant, even though he had the right to file the bill when he did. In our view of the case section 7, *supra,* is a complete bar to the bill, and as this appears upon the face of it, the defect was properly taken advantage of by demurrer.

The circuit court committed no error in sustaining that demurrer and dismissing the bill.

*Judgment affirmed.*