PALMER v. BRADLEY et al.

(Circuit Court, N. D. Illinois, E. D. December 18, 1905.)

No. 26,548.

1. WILLS—DECREE OF PROBATE—QUESTIONS INCIDENTALLY ADJUDICATED.
    An order of a probate court admitting a will to probate is an adjudication of its validity as a testamentary instrument and conclusive on all parties before the court, unless appealed from, as to all material facts, including the place of domicile of the testator, where a finding of such fact is necessary to support the adjudication.
    [Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 911–919.]

2. SAME—MANNER OF EXECUTION—ILLINOIS STATUTE.
    Under the statutes of Illinois a will is valid to dispose of personal property having its situs in the state, wherever it may have been executed, either (1) when executed in accordance with the requirements of such statute, or (2) when executed and proved in accordance with the laws of the state or country where it was made.
    [Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, § 185.]

In Equity. On bill and pleas.

Francis W. Walker and Albert G. Welch, for complainant.
Wilson, Moore & McIlvaine, John J. Herrick, and John P. Wilson, for defendants.

KOHLSAAT, Circuit Judge. Complainant files his bill to have the personal estate of his late mother, Anna M. Benedict, remaining after the payment of debts and costs of administration, declared intes-

tate estate, and for an accounting against said Bradley. From the allegations of the bill it appears that Anna M. Benedict departed this life at Paris, France, on February 12, 1896, leaving a last will and testament, in which Bradley is named as executor and trustee; that afterwards Bradley filed said will in the office of the probate clerk of Cook county, Ill., together with his verified petition setting out the date of death; that testatrix left a will; that she was "of Chicago," Cook county, Ill.; that she left personal estate not exceeding $525,000 in value "consisting of mortgages, bonds, etc.," and real estate not exceeding $75,000 in value; that she left, her surviving, complainant, a resident of Chicago, but "now residing in New York City," her only heir at law, and that the subscribing witnesses resided in Paris. It prays that a dedimus issue, directed to the United States consul or vice consul at Paris to take their depositions, and that the will be admitted to probate. It further appears from the record that at the same time, March 26, 1896, said Bradley filed a further duly verified petition for a dedimus, in which it is alleged testatrix, "then of the city of Chicago," departed this life at said Paris, etc., and proceeding substantially as in his first petition. Thereupon the court set the application for a dedimus down for a day certain, and ordered said Bradley to give notice to parties in interest thereof as required by the Illinois statute; which notice was duly served on complainant and a dedimus issued, under which the evidence of the subscribing witnesses was taken by the Vice Consul General of the United States, residing at Paris, and duly returned into said probate court. Thereafter, and on June 29, 1896, the said probate court entered an order finding that said will was duly executed and attested according to law, and ordered that it be received and recorded as the last will and testament of the said Anna M. Benedict. The court further found that the allegations of the said petition of said Bradley were true, and directed that he be appointed executor, and thereupon approved his bond as such and ordered that letters testamentary issue to him, which was done. Said Bradley then entered upon the performance of his duties as such executor, filed an inventory and appraisement, caused notice of adjudication to be given, and took possession of all of said estate. It further appears that on January 26, 1897, complainant herein filed his bill in the circuit court of said Cook county to contest the will of said Anna M. Benedict, in the manner provided by the statute of Illinois, in which it is alleged that Anna M. Benedict "late of the city of Chicago, now deceased," executed an instrument purporting to be her last will, etc., on about February 12, 1896, at Paris, France, and died leaving complainant her only heir at law, and charging that she was not at the time of testamentary capacity, and was induced to make said will through undue influence, and praying that it be set aside and declared void. Afterwards, and on July 20, 1897, said bill was dismissed, without costs to either party. It further appears that on December 20, 1897, complainant herein filed his second bill to set aside said will upon the ground of want of testamentary capacity on the part of the testatrix and of undue influence; that such proceedings were had in said suit in the state court that said will was

decreed to be "not the will of said Anna M. Benedict," and the same, together with the probate thereof, was declared to be null and void. On appeal to the Supreme Court of Illinois, the order of the lower court was reversed, and the bill was, on May 23, 1902, dismissed, and judgment for costs rendered in the state court against complainant herein. Thereafter, on June 12, 1902, the final account of Bradley, as executor, was approved, said estate declared settled by said probate court, and Bradley discharged. Moneys were paid complainant under the terms of the will from time to time, and he was familiar with all the proceedings in the probate court, and made no objection thereto until final distribution to Bradley, when complainant seems for the first time to have made formal objections to the right of Bradley to take the personal estate, and it was by agreement of parties ordered that the order approving the final account and discharging Bradley "shall be, without prejudice to any claim said Frank T. W..Palmer may have at the date hereof to recover from said Bradley or his successors, by proper proceedings, any balance of the personal estate of the said Anna M. Benedict deceased that may be in his or their hands at the time of the judgment or decree in such proceedings, turned over to him as trustee under said will, on the ground that the decedent, Anna M. Benedict, was domiciled in France at the time of her death."

The bill herein was filed December 3, 1902, and on August 4, 1904, an amended bill was filed, more than eight years after the death of the testatrix, and after her will was admitted to probate. It proceeds upon the theory that Mrs. Benedict was, at the time of her death, domiciled in Paris, France, and that in order to make testamentary disposition of her personal estate, her will must have been executed and published in accordance with the requirements of the French law; that, in fact, it was not so executed and published; that it was a valid will for the purpose of disposing of the real estate situated in Illinois, and for that reason was entitled to probate; but that the personal estate did not pass thereby, but is intestate estate, and held by Bradley as trustee for complainant; and that complainant's rights are in no degree prejudiced by any steps which have been taken. The defendant Bradley files three pleas, which are ordered to stand as the pleas of the other defendants, each of which pleas is urged in bar of the whole suit. The first plea alleges facts showing the situs of the personal estate to be in said Cook county, and sets up the proceedings of the probate court in bar. The second plea sets up complainant's acts with regard to the proceedings had in the probate court as constituting an estoppel and an election. The third plea sets up the five year statute of limitations as a bar. The matter comes before the court upon the bill and pleas, severally duly verified. The allegations of the pleas must be deemed admitted for the purposes of this hearing, so far as well pleaded. Indeed the questions submitted are matters of law rather than fact, and involve primarily the effect of the steps taken by the parties hereto, and of the orders of the several courts, as also the application of the general statute of limitations.

As to the said first plea, complainant insists that the will was entitled to be admitted to probate since it was valid as to the real estate,

but that the title to the personalty was in no wise affected thereby, and that the question whether the will was executed in accordance with the law of the testatrix' domicile was not adjudicated. The judgment of the probate court was an unlimited judgment, and, so far as the court had jurisdiction, the judgment must be deemed final and conclusive upon all parties legally before the court, unless appealed from, as to all matters material to the issue involved. While the will would in any event have been entitled to probate, even though ineffectual to pass the personal estate, yet it does, as it now stands, dispose of both. Clearly what complainant is here attempting to do is to attack the conclusiveness of the order of probate collaterally in respect to a material fact therein decided. The court had jurisdiction of the parties and the subject-matter. If its decision was erroneous, it should have been assailed in the manner provided by law in such case. It is unavailing to say that the bill does not attack the decree of probate, but seeks only to reach property which was not affected by it. The personal estate was affected by the order as it stands, and before the court can give the relief asked for, it must ascertain and declare that the order was wrong as to a material fact, thus, at this late day, attacking its validity collaterally. This cannot be done in the absence of fraud, or some disability whereby complainant might legally be relieved from the binding force of the order of probate. The bill makes no such case. The validity of the will as a whole was before the court, and everything essential to its probate as an instrument dealing with the whole estate was adjudicated, and the rights of the parties interested in the will were thereby fixed. This proceeding, if successful, will divest those rights.

On the face of the probate court record, it was necessary in order to take jurisdiction, that the court should find that testatrix' domicile for testamentary purposes was in the county of Cook aforesaid. The allegations of the petition were in the form usually employed in such case, to wit, that:

"On the 12th day of February, A. D. 1896, Anna M. Benedict of Chicago in said Cook county, departed this life at Paris, France, leaving a last will and testament, duly signed and attested, as your petitioner believes, which he now presents to your honor for probate."

There was no attempt to set out any of the statutory conditions necessary to give the court jurisdiction where testatrix' place of residence for such purpose was outside the county of Cook, or where the will is made, executed, and published outside the state as set out in section 10 of the Illinois statute on wills. Hurd's Rev. St. 1903, c. 148. The whole proceedings come squarely within section 2 of the Illinois statute of wills. The court proceeded upon the theory that testatrix' residence for testamentary purposes was in Cook county. The petition was verified, and, while there was no statute requiring such a petition, the court must in some way have been advised of the facts necessary to establish its jurisdiction, and an affidavit might have been accepted by the court as evidence of such facts. This is held in Bolton v. Schriever, 135 N. Y. 65, 51 N. E. 1001, 18 L. R. A. 242; Bumstead v. Read, 31 Barb. 661; Van Matre v. Sankey, 148 Ill. 536, 36 N. E. 628, 23 L. R. A. 665, 39 Am. St. Rep. 196; Record v. Howard,

58 Me. 225; Abel v. Love, 17 Cal. 234; Bostwick v. Skinner, 80 Ill. 147. In the last-named case the court says:

"Upon their face they [the proceedings in the county court] show that the court had jurisdiction, and unless it is now competent to raise an issue of fact to test their verity, they are conclusive. * * * It is perfectly consistent for us to hold that the record of the county court is conclusive on the question of the domicile of the deceased when questioned collaterally."

The statement of the will, viz., "The last will and testament of Anna M. Benedict of the City of Chicago in the county of Cook and state of Illinois," was of itself proper evidence upon the question of domicile. Ward v. Oxford, 8 Pick. 476, where it is said:

"The designation of his [decedent's] residence in a solemn instrument such as a deed or will is in the nature of a fact rather than a declaration." So, also, Cruger v. Phelps (Sup.) 47 N. Y. Supp. 61.

Undoubtedly the order of the court admitting the will to probate was an adjudication of its validity as a testamentary instrument and binding, until appealed from as to all parties before the court, as to all material allegations, including the place of domicile of testatrix. Wild v. Sweeney, 84 Ill. 213; Transportation Co. v. Gill, 111 Ill. 541; Bowen v. Allen, 113 Ill. 53, 55 Am. Rep. 398; In re Storey, 120 Ill. 244, 11 N. E. 209; Luther v. Luther, 122 Ill. 558, 13 N. E. 166; Wheeler v. Wheeler, 134 Ill. 522, 25 N. E. 588, 10 L. R. A. 613; Jele v. Lemberger, 163 Ill. 338, 45 N. E. 279; Keister v. Keister, 178 Ill. 103, 52 N. E. 946; Chicago, T. & T. Co. v. Brown, 183 Ill. 42, 55 N. E. 632, 47 L. R. A. 798; Memorial Home v. Price, 195 Ill. 279, 62 N. E. 872; Corrigan v. Jones, 14 Colo. 311, 23 Pac. 913; Stanley v. Safe Deposit Co., 87 Md. 450, 40 Atl. 53; Post v. Mason, 91 N. Y. 539, 43 Am. Rep. 689.

But, were the law otherwise, it would not be a strained deduction from a comparison of sections 2 and 9 of the Illinois statute of wills to hold that a will of personal estate, having its situs in Illinois, if executed in another state or country, should be valid whatever the domicile of the testator either (1) if executed in accordance with the requirements of section 2, or (2) if executed and proved in accordance with the laws of the other state or country. By section 2, in terms, all wills are made valid if executed and attested in accordance with the requirements of that section. Section 9 provides that all wills disposing of estates within the state, executed in another state or country shall be valid if executed and proven in accordance with the laws of such state or country, when properly authenticated. Section 2 is the only clause of the statute of Illinois under which any original will may be probated. Section 9 applies to properly authenticated records of wills and the probate proceedings admitting them to record in foreign states. Sections 10 and 11 relate to the place in which wills made out of the state and of persons without a known address, may be probated. In other respects they conform to the requirements of section 2. To hold otherwise would be equivalent to saying that a will made out of the state and disposing of personal estate only, could not be probated in this state. The statute makes no distinction

between testators whether domiciled here or abroad. It speaks only of wills made outside the state. It nowhere authorizes the courts of this state to admit an original will to record upon proof that it was executed and published according to the laws of a foreign state or country. It requires that the judicial proceedings of a foreign court, based upon the laws of that country, shall have, when properly attested, full credence. Clearly, every original will, by whomsoever and wheresoever made, might be probated in accordance with section 2. Whatever title or right to the personal estate by way of descent complainant has, he acquired through the operation of the Illinois statute. It is not a natural right. He takes it subject to all the conditions imposed by the statute, and cannot be heard to assert it in defiance of the statute. The same question is discussed in Re McMulkin, 5 Dem. Sur. 295; Jaques v. Horton, 76 Ala. 238; In re Clayson's Estate, 26 Wash. 253, 66 Pac. 410, where it is held that instruments purporting to be wills executed in conformity with the laws of the several states where the decision was made, would be entitled to record there, no matter where executed.

Under the Illinois statute, the personal estate situated in the state vests in an executor upon his qualification as such. That was the case here. Bradley had an unqualified title thereto, as executor, fully acquiesced in by complainant. This is not a suit in which it is sought to reach the probate proceedings here as ancillary to some foreign probate. It seeks to declare the title vested in Bradley under the Illinois statute absolutely void. The property in question was within the jurisdiction of the court, and the court was vested with power by statute to act in just that case and in just that manner. By the terms of the will, Bradley held the same for the purposes therein set out.

Complainant claims that under the laws of Illinois in reference to the probate of wills he would not have been heard to oppose the probate of his mother's will, upon the ground that it was ineffectual to dispose of the personal estate; that inasmuch as the will was competent for the transmission of real estate, that fact alone would have been a conclusive answer to any such contention on his part in the probate court, and that therefore he had no opportunity to assert his claim. On the other hand, defendants answer that it was quite within the power of a probate court to protect his rights if he had any, citing 23 Am. & Eng. Enc. of Law, 139, where it is said:

"It is very clear that an instrument may possess all the requisites of a valid will as to some of its provisions, while other portions of it may not be the testamentary act of the testator or may for some reason be ineffectual as to a part of the property. Therefore since it is the province of the court in a probate proceeding to determine whether or not the instrument propounded is the will of the alleged testator, it is obvious on principle and well settled by authority that the court may find that a part only of the instrument is the testator's will, or that it is operative as to a part only of the property which it assumes to dispose of, and may admit it to probate as to such part and reject the balance, or may limit the probate as to such property, as the will is effectual to pass. * * * A will may be sufficient as to some but not all of the property which it assumes to pass. This condition occurs in the case of a will which is void as to devises of realty, but good as to legacies of personalty. In such cases probate will be limited to the property as to which the will is sufficient."

They also cite 1 Williams on Executors (7th Am. Ed.) 454; Dicey on Conflict of Laws, 316, note 2; 1 Woerner, Am. Law of Administration, 484; Wolf v. Bollinger, 62 Ill. 368; Shaw v. Camp, 163 Ill. 144, 45 N. E. 211, 36 L. R. A. 112; Lyons v. Campbell, 88 Ala. 462, 7 South. 250; Banks v. Sherrod, 52 Ala. 267; Deane v. Littlefield, 1 Pick. 239; Heath v. Withington, 6 Cush. 497; Ryno's Ex'r v. Ryno's Adm'r, 27 N. J. Eq. 522; Burger v. Hill, 1 Bradf. Sur. 360; Hill v. Burger, 10 How. Prac. 264; Ward v. Glenn, 9 Rich. Law (S. C.) 127; Poplin v. Hawke, 8 N. H. 124; Judson v. Lake, 3 Day, 318; Harrison's Appeal, 48 Conn. 202; Devecmon v. Devecmon, 43 Md. 335.

In Wolf v. Bollinger, supra, the Supreme Court of Illinois says:

"The power to try and determine whether the writing produced be the will of the testator or not, includes the power to adjudge upon the validity of any part of the instrument as well as the whole."

In Hunt v. Mootrie, 3 Bradf. Sur. 322, the court held a will good as to the personal estate and insufficient as to real estate. In Re Welsh, 1 Redf. Sur. 239, that part of the will found to be the result of undue influence was rejected, and the will established as to the rest. In this case the vitiating act entered into the execution of the will. Burger v. Hill, supra, and cases therein cited are to the same effect.

Undoubtedly in a proper proceeding a court of equity would have had ample jurisdiction to qualify the order of probate, and the interposition of the court complainant twice invoked, without adverting to the alleged defect in the execution of the will. Chancellor Walworth decided (In re Stewart, 11 Paige, 398) that a will under the circumstances of that case could be admitted to probate as to the personalty, and held bad as to real estate. In the case of Post v. Mason, 91 N. Y. 539, 43 Am. Rep. 689, the court held that, not having raised the charge of fraud as to a part of the will, as might have been done, complainants could not raise it in a general chancery proceeding.

Numerous other authorities might be cited upon this proposition. I do not, however, deem a determination of it or of the other points not herein touched on essential at this time.

The bill is dismissed for want of equity.