## KAHL v. CHICAGO TITLE & TRUST CO. et al.

(District Court, N. D. Illinois, E. D.   December 7, 1923.)

No. 2816.

1. **Executors and administrators** ⟨⟫439—Special foreign administrator not necessary party in husband's action against wife's administrator c. t. a. to enforce dower.

   In husband's suit against wife's administrator with will annexed, appointed in Illinois, growing out of renunciation of will, administrator appointed in other state, who claimed the entire residuary estate for administration therein, *held* not necessary party.

2. **Courts** ⟨⟫505—Possession by administrator appointed by state court cannot be disturbed by any other court.

   Administrator appointed by state court is an officer of such court, and his possession of decedent's property is court's possession, and cannot be disturbed by any other court.

3. **Judgment** ⟨⟫540—Estoppel of one judgment neutralizes other, where there have been two contrary adjudications in same matter between same parties.

   Where there have been two contrary adjudications in the same matter between the same parties, the estoppel of one judgment neutralizes the other, and both parties may assert their claims anew.

4. **Estoppel** ⟨⟫68(2)—Application for appointment of administrator c. t. a. held not to estop beneficiaries from claiming that testatrix was resident of another state.

   Application by beneficiaries under will to probate court in Illinois for appointment of administrator with will annexed *held* not to estop them from asserting testatrix was resident of other state, where will recited that it was made while testatrix was temporarily residing in Illinois, in view of Smith-Hurd Rev. St. Ill. 1923, c. 148, §§ 10, 11.

5. **Executors and administrators** ⟨⟫10—Testatrix held resident of state in which husband resided, though temporarily in other state.

   Where husband's domicile was in Michigan, and wife, while living apart from husband, recognized such state as her home and described herself in her will as a resident of such state, she was a resident thereof when she made the will, and not of Illinois, where she was temporarily residing.

6. **Executors and administrators** ⟨⟫10—Prima facie domicile of testatrix was domicile of husband in state in which husband lived.

   Prima facie, the domicile of testatrix at time of execution of will was the matrimonial domicile in another state, in which husband was living.

In Equity.   Suit by Frederick Kahl against the Chicago Title & Trust Company, administrator, and others.   Decree of dismissal.

William M. Mertz, of Detroit, Mich., and Frank P. Sadler, of Chicago, Ill., for plaintiff.

William A. Jennings, Sherman C. Spitzer, Herbert Becker, Peaks, Bunch & Latimer, and Mayer, Meyer, Austrian & Platt, all of Chicago, Ill., for defendant Chicago Title & Trust Co.

Rainey, Pollock & Manning and Cassels, Potter & Gilbert, all of Chicago, Ill., for defendants John J. and James J. Foley.

WILKERSON, District Judge.   Plaintiff, a citizen of Michigan, brings suit against defendants, who are citizens of Illinois, to enforce as against the defendants John J. Foley and James P. Foley his claim

⟨⟫For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

under the dower act of Illinois to a portion of an estate in the possession of defendant Chicago Title & Trust Company, administrator, growing out of his renunciation in the probate court of Cook county of the provisions of the will of his deceased wife. The questions involved are presented properly by the pleadings, and I shall proceed to state the facts.

Josephine C. Kahl, wife of plaintiff, Frederick L. Kahl, of Detroit, Mich., died in Chicago, Ill., on February 21, 1918. She left a will, which was executed at Chicago on December 19, 1911. In the will she describes herself as "of Detroit, Michigan, now temporarily residing at Chicago, Illinois." To her husband and five nieces she made bequests of $100 each, reciting that she left no greater portion of her estate to them because of "the treatment they have accorded me during the past year or more." She bequeathed to Nettie Roscoe, of California, "all my furniture and household goods now in the possession of my husband, Frederick Kahl, at Detroit, Mich." She made a bequest to Mrs. James A. Murfin, of Detroit, Mich., and then devised three-fourths of the residue of her estate to John Foley, that share in the event of his death before that of the testator, to go to his sons John and James, defendants herein. One-fourth of the residue of her estate she devised to Louis Maroska, of Detroit, Mich., and she appointed Maroska executor of her will.

Application for letters of administration to collect was filed in the probate court of Cook county by John J. Foley, defendant herein, on February 25, 1918, and such letters were issued on the same day to the Chicago Title & Trust Company, defendant, which I shall refer to hereafter as the Trust Company. On March 8, 1918, application was made in the probate court of Cook county by defendants John J. and James P. Foley for the appointment of an administrator with the will annexed, and on April 11, 1918, such letters were issued to the Trust Company. In both applications the decedent, Josephine C. Kahl, is described as "a resident of Chicago." The will was approved on April 11, 1918, and on the same day proof of heirship was made. The defendant John J. Foley testified, in the matter of the proof of heirship, that at the time of her death Mrs. Kahl and her husband were not divorced, but that they lived apart. The witnesses to the will testified that at the time of its execution Mrs. Kahl was living in a room on the second floor of the building at 4756 Kenwood avenue, and that she continued to live there until she died.

On April 19, 1918, Louis Maroska, who was given notice of the application for the appointment of an administrator with the will annexed, filed his appearance in the proceedings in the probate court, and on that day an order was entered that he have notice of all proceedings. The order establishing heirship was duly entered and an inventory was filed by the Trust Company as administrator with will annexed. The main asset, and in fact, as stated at the trial, the only one involved here, consists of 200 shares of stock of the Frederick Kahl Iron Foundry Company, a Michigan corporation. All of the property of that corporation is in Michigan.

On October 4, 1918, the plaintiff filed his renunciation of the provisions of the will and his election to take his legal share under the

Dower Act of Illinois. The Trust Company, as administrator with the will annexed, proceeded with the administration of the estate. There was litigation in the circuit court of Cook county in connection with the settlement of the estate, and no distribution has been made or final account filed by the administrator.

On April 26, 1920, Joseph A. Moynihan, of Detroit, Mich., was appointed special administrator of the decedent by the probate court of Wayne county, Mich., and qualified as such administrator. On August 20, 1920, by order of the probate court of Cook county, the time of the Trust Company to file its final account as administrator was extended for 90 days; but, as above stated, that account has not been filed. The statutory proceedings relative to the filing of claims were had, and an order on creditors to file claims was entered on December 2, 1918.

On April 9, 1921, Moynihan, the special Michigan administrator, filed a petition in the probate court of Cook county, asserting that the domicile of the decedent was in Wayne county, Mich.; that the estate should be administered in accordance with the laws of that state; that the husband had no right of renunciation under the laws of Michigan; and that the estate, with the exception of a small amount necessary to satisfy some claims which had been filed, should be turned over to the Michigan administrator. The petition prayed that an order be entered requiring the Trust Company to turn over all of said estate not needed for claims, for transmission to and administration and distribution agreeable to the provisions of the will and the laws of Michigan. The plaintiff herein and the Trust Company as administrator filed objections to said petition, and after a hearing an order was entered October 18, 1921, nunc pro tunc as of May 28, 1921, denying said application, on the ground that the special administrator had no right to the relief prayed for in the petition. The order was entered "without prejudice to the rights of an executor or general administrator appointed by the courts of Michigan for general administration of said estate to make application here seeking the relief sought by the petition of said special administrator." From this order the special administrator prayed an appeal in accordance with the statutes to the circuit court of Cook county.

On September 9, 1921, Louis Maroska, one of the beneficiaries under the will, filed his petition in the probate court of Wayne county, Mich., asking that the will of Mrs. Kahl be admitted to probate there, and that the administration of the estate be granted to him. The petition averred that the domicile of the decedent was in Wayne county, Mich.; that the estate should be administered according to the laws of that state; and that the administration in Cook county, Ill., should be made ancillary to the administration in Michigan. Due notice of this proceeding was given to the heirs at law, including the plaintiff herein, and defendants the Foleys. The plaintiff, Kahl, appeared in the proceedings and filed his answer on December 1, 1922. He set up the proceedings in the probate court of Cook county, and claimed that the effect of those proceedings was to adjudicate the question of Mrs. Kahl's domicile at the date of her death.

On March 10, 1922, an order was entered in the probate court of Wayne county, Mich., finding that the domicile of Mrs. Kahl was in Wayne county, Mich., and, an exemplified copy of her will having been produced, it was ordered that the will had been duly proved and established according to the laws of Michigan, and that administration thereof should be had in the probate court of Wayne county. It was further ordered that administration of the estate should be granted to Louis Maroska, the executor named in the will. From this order an appeal was taken by Frederick Kahl on May 4, 1922, to the circuit court of Wayne county, Mich., and that case is now pending there. On June 9, 1922, an order was made in the probate court of Wayne county, Mich., reciting that, as an appeal had been taken to the circuit court from the order appointing Maroska executor, it was necessary to appoint a special administrator, and Louis J. Maroska was appointed special administrator of the estate, with the powers conferred by law upon a general administrator. On June 29, 1922, the original bill in this suit was filed, naming the Trust Company as the sole defendant, and summons was served on the Trust Company on the same day. The bill sets out the proceedings in the probate court of Cook county, sets up Kahl's claim to a one-half interest in the residuary estate, avers that the Trust Company is wrongfully withholding it from him, and prays that his interest in the estate may be established, and the Trust Company directed to pay it over to him.

Shortly after the filing of the original bill herein, Maroska, special administrator appointed by the probate court of Wayne county, Mich., filed a petition in the probate court of Cook county, in which he set up the proceedings in Wayne county, Mich., adopted and renewed the prayer for relief set up in the petition of Moynihan, which had been dismissed by the probate court of Cook county, asked that the proceedings in Illinois be made ancillary to those in Michigan, and that the defendant Trust Company turn over to him for administration in the Michigan court the assets of the estate remaining in its possession. That petition is now pending and undisposed of in the probate court of Cook county.

The defendant Trust Company made a motion to dismiss the original bill in this case on October 20, 1922. That motion was allowed on December 6, 1922, and on January 5, 1923, an amended bill was filed, making the Foleys additional parties defendant. The amended bill sets up the claim of Kahl to a share in the estate in accordance with the laws of Illinois, substantially as set forth in the original bill.

Answers have been filed by all of the defendants. Those answers set up the proceedings in the courts of Michigan and assert that it is impossible for this court to enter the decree sought by plaintiff, because Maroska, the special administrator appointed by the Michigan court, is not a party to this suit. In the answer of the Foleys it is averred that the domicile of the decedent was in Michigan, that the rights of the plaintiff are to be determined in accordance with the laws of Michigan, and that, if the court undertakes to enter a decree upon the merits of this case, it must be one dismissing the bill for want of equity.

[1] The first question to be disposed of arises from the contention of the defendants that the court cannot proceed to a decree on the merits, because Maroska, the Michigan administrator, who claims the entire residuary estate for administration in Michigan, is an indispensable party to the suit, and that in his absence the court cannot do justice between the parties actually before it without injuriously affecting the rights of such absent party; or, to put it another way, the court cannot make a decree which will have any real effect, and which at the same time will protect the defendant Trust Company against the outcome of its pending litigation in the probate court of Cook county with the Michigan administrator, who, of course, cannot be affected by the decree in a suit to which he is not a party.

If it were not for the petition of Maroska, the Michigan administrator, pending in the probate court of Cook county, there can be no doubt as to the power and duty of the court to hear and determine the controversy between plaintiff and the Foleys as to the estate in the hands of the Trust Company. The absence of one of the devisees as a party is not a valid objection to the determination of the controversy between the parties before the court. While the court could not make a decree which would interfere with the possession of the probate court or the orderly administration of the estate therein, it could determine the rights of the plaintiff to the property in the hands of the administrator, which holds it as a trustee, and require the administrator to respect those rights and to carry out the trust as found by the court, so long as it continues to act as trustee.

The rule is clearly established in Waterman v. Canal-Louisiana Bank Company, 215 U. S. 33, 43, 30 Sup. Ct. 10, 54 L. Ed. 80, and McLellan v. Carland, 217 U. S. 268, 281, 30 Sup. Ct. 501, 54 L. Ed. 762. It is admirably stated by Circuit Judge Sanborn of the Eighth Circuit in Harrison v. Moncravie, 264 Fed. 776, 779, as follows:

"This jurisdiction of the federal courts, it is true, does not include the power to draw to them administration of estates as such, or to take from the proper officials of the probate court, during their administration of the estates in due course, the possession of the property necessary for that administration. But it confers the power and imposes the duty upon the federal courts sitting in equity to hear, determine, adjudge, and to enforce their adjudications of the claims of the citizens of other states, who invoke their jurisdiction by proper suits to interests as heirs, legatees, distributees, or creditors in estates in possession of officers of probate courts of states other than those of the residence of the claimants engaged in the administration thereof, although such officers may have obtained their possession before such suits were commenced in the federal courts."

In Waterman v. Canal-Louisiana Bank Company, supra, the court, dealing with the absence of one of the legatees as a party to a suit similar to the one at bar, said that, while he was a necessary party in the sense that he had an interest in the controversy, his interest was not that of an indispensable party, without whose presence a court of equity cannot do justice between the parties before it, but whose interest must be so affected by any decree it rendered as to oust the jurisdiction of the court. It was there pointed out that, if the court found in favor of the complainant, it could proceed to determine what

the complainant was entitled to recover out of the shares of the legatees before the court without prejudice to the absent legatee.

But it is argued by defendants that the case at bar is to be distinguished from the cases last cited, because the Michigan administrator claims the entire residuary estate. The distinction, in my opinion, is not a valid one. If the court were to find for the plaintiff here, the decree could be so shaped that the defendant Trust Company would be relieved from the further performance of the trust, if the property were taken out of its hands as a result of the litigation in the probate court; and if the court found that plaintiff was entitled to an interest in the trust fund, the Foleys could be charged, as trustees for the benefit of the plaintiff, to carry out the trust as found by the court, if plaintiff's share ever came into their possession by distribution made in the Michigan court, or elsewhere.

We come, then, to the merits of the case. Was the domicile of Mrs. Kahl at the time of her death in Illinois or in Michigan? If it was in Illinois, plaintiff is entitled to a decree. If it was in Michigan, the decree must be for the defendants. Cooper v. Beers, 143 Ill. 25, 32, 33 N. E. 61; Baker v. Baker, Eccles & Co., 242 U. S. 394, 400, 37 Sup. Ct. 152, 61 L. Ed. 386.

[2] Plaintiff claims that this question is not open here; that the Foleys are estopped by the proceedings in the probate court from now asserting that the domicile of the decedent was elsewhere than in Illinois. This contention puts plaintiff in the situation of invoking the jurisdiction of this court in one breath, and of taking, in the next breath, a position which destroys that jurisdiction. Matters of strict probate are not within the jurisdiction of the courts of the United States. Sutton v. English, 246 U. S. 199, 205, 38 Sup. Ct. 254, 62 L. Ed. 664. An administrator appointed by the state court is an officer of that court; his possession of the decedent's property is a possession taken in obedience to the orders of that court; it is the possession of the court, and it is a possession which cannot be disturbed by any other court. Byers v. McAuley, 149 U. S. 608, 615, 13 Sup. Ct. 906, 37 L. Ed. 867. If the controversy between plaintiff and the Foleys has been adjudicated in the probate court, then all that remains of this suit is to undertake the work of administering the estate in accordance with that adjudication—a thing which this court is without power to do. In Byers v. McAuley, supra, and Waterman v. Canal-Louisiana Bank, supra, it is pointed out that a claim established against an estate in the federal courts must take its place and share of the estate as administered in the probate court and cannot be enforced by process directly against the property of the decedent. While in some instances the federal court will enforce its adjudication against the administrator personally, certainly the authority of the federal court may not be invoked merely to compel an administrator to respect the adjudication of the court which appointed him and which has ample power to enforce its own judgments. And in the case at bar the Michigan administrator is obviously an indispensable party to any suit in which a personal judgment is sought against the defendant Trust Company.

**[3]** But, if the rule of former adjudication is invoked, it is impossible to overlook the proceedings in the Michigan probate court. The Foleys and plaintiff, Kahl, are parties to those proceedings, and it has been formally adjudicated there both that the question of domicile was not determined in the probate court of Illinois and that the domicile of the decedent was in Michigan. If we were to give to the proceedings in the probate court of Illinois the effect of an adjudication, it is the rule that, where there have been two adjudications of the same matter between the same parties with opposite results, the estoppel of one judgment neutralizes that of the other, and both parties may assert their claims anew. While the decision of the Michigan court as to the effect of the proceedings in the probate court of Cook county is not binding here between the plaintiff and the defendant Trust Company (Ingersoll v. Coram, 211 U. S. 335, 29 Sup. Ct. 92, 53 L. Ed. 208; Brown v. Fletcher's Estate, 210 U. S. 82, 28 Sup. Ct. 702, 52 L. Ed. 966), that decision is obviously correct.

I have endeavored carefully to examine both the statutes of Illinois concerning the probate of wills and the record of the proceedings in the probate court in evidence here. I have been unable to find in that record, either that the issue of decedent's domicile was made up and decided, or that any question was determined in those proceedings to which the question of domicile was germane or with which it was essentially connected. The argument of counsel for the plaintiff on this point seems to me to proceed upon an erroneous conception of the rules relating to estoppel by judgment. The will, according to its recitals, was made while the testatrix was temporarily residing in Chicago. It was executed in accordance with the laws of Illinois. The testatrix was residing in Chicago at the time of her death. By section 12 of the Illinois statute concerning wills (Smith-Hurd Rev. St. 1923, c. 148) it was the duty of any one having her will in his possession to deliver it to the probate court. The will, being a domestic will, that is, one made, executed, and published in this state, was provable in Cook county, without reference to the place of domicile of the testatrix. Section 11 of the Illinois statute on wills provides that, if a testator has a known place of residence, his will shall be proved in the court of the county wherein his place of residence shall be. If the testator has no such place of residence, the will may be proved in the county where the testator shall have died.

Section 10 of the Illinois statute on wills relates to wills made, executed, and published out of this state, but even as to those wills it is provided that they may be admitted to probate in any county in which the testator had real or personal estate at the time of his death, in the same manner as if the will had been made, executed, and published in Illinois. There is nothing in the method of probate which involves a determination of the place of domicile and which precludes proceedings to have the administration in this state declared ancillary to the administration in the state of actual domicile of the decedent if that domicile is outside Illinois. In Palmer v. Bradley (C. C.) 142 Fed. 193, relied on by counsel for plaintiff, the validity of the will itself was dependent upon the question of domicile, and for that rea-

son, if for no other, that case is not applicable to the questions here involved.

[4] The recitals in the application of the Foleys for letters of administration and in the order granting administration with the will annexed to the defendant Trust Company cannot be given the effect of a determination of the question of domicile. I hold, therefore that the question of decedent's domicile is open in this proceeding, and should be determined from the evidence before the court on that subject.

[5] The evidence as to the domicile of the decedent is for the most part undisputed The domicile of the husband was in Michigan. Mrs. Kahl, while at times she lived apart from her husband, recognized Michigan as her home. In the will she describes herself as "of Detroit, Wayne county, Michigan, now temporarily residing at Chicago." By the will she disposes of her furniture and household goods at Detroit, Mich. She lived at the home of her husband as late as the August before the February immediately preceding her death. The rule applicable in this case is stated in Anderson v. Watt, 138 U. S. 694, 706, 11 Sup. Ct. 449, 452 (34 L. Ed. 1078) as follows:

"The place where a person lives is taken to be his domicile until facts adduced establish the contrary, and a domicile when acquired is presumed to continue until it is shown to have been changed. Mitchell v. United States, 21 Wall. 350, 352; Desmare v. United States, 93 U. S. 605, 609; Shelton v. Tiffin, 6 How. 163; Ennis v. Smith, 14 How. 400. And although the wife may be residing in another place, the domicile of the husband is her domicile. Story, Confl. Laws, § 46; Wharton, Confl. Laws, § 43, and cases cited. Even where a wife is living apart from her husband, without sufficient cause, his domicile is in law her domicile. Cheely v. Clayton, 110 U. S. 701, 705. The rule is, said Chief Justice Shaw in Harteau v. Harteau, 14 Pick. 181, 185, 'founded upon the theoretic identity of person and of interest, between husband and wife, as established by law, and the presumption that, from the nature of that relation, the home of the one is that of the other, and intended to promote, strengthen, and secure their interests in this relation, as it ordinarily exists, where union and harmony prevail. But the law,' he continued, 'will recognize a wife as having a separate existence, and separate interests and separate rights, in those cases where the express object of all proceedings is to show that the relation itself ought to be dissolved, or so modified as to establish separate interests.' "

The above rule has been followed in the federal courts repeatedly and Williamson v. Osenton, 232 U. S. 619, 34 Sup. Ct. 442, 58 L. Ed. 758, is not a modification of the rule, but is an application of the principle of the exception stated by Chief Justice Shaw; and it is to be noted that even that exception is recognized in the case last cited only where the wife has justifiably left the husband.

[6] Prima facie, the domicile of the decedent was the matrimonial domicile in Michigan. The evidence here is insufficient to bring the case within any exception to the general rule above stated.

The bill should be dismissed for want of equity. A decree to that effect may be submitted for entry.